[No. 45938.   En Banc.   November 29, 1979.]

THE STATE OF WASHINGTON, *Respondent,* v. DEBORAH SUZANNE DOUTY, ET AL, *Defendants,* LARRY RICHARD ROCZ, *Petitioner.*

*Reed, McClure, Moceri & Thonn, P.S., William R. Hickman,* and *Ron J. Perey,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Corydon J. Nelsen, Senior Deputy,* for respondent.

HICKS, J.—Larry Rocz seeks reversal of a decision of the Court of Appeals, Division One, which applied RCW 26.26, the Washington Uniform Parentage Act (UPA), effective June 1976, in an action to determine the paternity of a child born in 1970. *State v. Douty,* 20 Wn. App. 608, 581 P.2d 1074 (1978). The Court of Appeals reversed the trial court's summary judgment dismissal of the action and remanded the case for trial. We granted discretionary review and we reverse the Court of Appeals.

February 17, 1977, under RCW 26.26, the King County Prosecuting Attorney filed a petition in King County Superior Court seeking a determination of paternity of Quinn Anthony Douty, born July 9, 1970, to Deborah S. Douty. Alleging Larry Rocz to be the father of this child, the petition also sought to recover back child support and the expenses of the child's birth. Rocz' answer admitted the birth of the child on the date alleged, but denied parentage. As affirmative defenses, he alleged that: (1) the 5–year

statute of limitation specified in RCW 26.26.060(7) had elapsed, and (2) the action was barred under the 2–year limitation period of the filiation statute in effect at the time the child was born. That statute, RCW 26.24, was repealed upon adoption of the UPA in 1976.

Rocz' motion for summary judgment was granted. In its order of dismissal, the trial court observed that RCW 26.26 (Laws of 1975, 2d Ex. Sess., ch. 42, p. 169), which superseded the filiation statute, did not become effective until June 25, 1976, and concluded:

> [T]he two year statute of limitations found in RCW 26.24.160 elapsed prior to the commencement of this action and the cause of action against Larry Richard Rocz cannot be revived by the enactment of the Uniform Parentage Act.

A unanimous Court of Appeals reversed the trial court and remanded the case for trial. The appellate court held that the cause of action barred by the limitation section of the filiation statute and the action brought by the State under the UPA were not equivalent. It held that under case law of this state, Rocz could not claim that the running of the 2–year limitation period of the filiation statute vested in him a right to be free of litigation concerning alleged parenthood. *See State v. Bowen,* 80 Wn.2d 808, 498 P.2d 877 (1972). The court further held that the action was not barred under the applicable limitations period of the UPA, and remanded for trial. Rocz' petition for discretionary review in this court was granted.

■ Initially, it should be noted that the child, though named in the action, was never served. Consequently, he is not before the court. Under RCW 26.26.090, the child "shall be made a party to the action." A minor child is to be represented by a general guardian or a guardian ad litem. At least one court has held that the absence of the child, as an indispensable party, deprives the trial court of jurisdiction to enter a judgment under the California version of the UPA. *See Perez v. Department of Health,* 71 Cal. App. 3d 923, 138 Cal. Rptr. 32 (1977). Applying the reasoning of the

California court, the instant case would be subject to dismissal. Nevertheless, this court will retain and review a case otherwise moot, if matters of continuing and substantial public interest are involved. *Hartman v. State Game Comm'n*, 85 Wn.2d 176, 177, 532 P.2d 614 (1975); *Sorenson v. Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972). We believe the instant action is appropriate for such review.

This case involves a challenge to a newly enacted statute addressing the large and growing problem of children born out of wedlock. U.S. Department of Commerce, Bureau of the Census, *Statistical Abstract of the United States* 65 (99th ed. 1978). We believe the scope of the applicability of the act is of significant public interest, and resolution thereof will guide the conduct of public officials. We, therefore, consider the issue as presented.

That issue, as we perceive it, is whether *the State* may bring an action under RCW 26.26 to determine the paternity of a child born prior to its enactment. The resolution of this issue also involves establishing support obligations, recovering expenses of the child's birth, awarding custody, and establishing visitation rights, as well as other relief deemed proper. RCW 26.26.130(3).

At common law, there was no right to a determination of paternity of a child born out of wedlock or to compel a putative father to provide for its support. *Thut v. Grant*, 281 A.2d 1, 3 (Me. 1971). Hence, the liability created by the former filiation statute and the current parentage act represents a departure from the common law. In February 1976, the legislature repealed RCW 26.24, commonly known as the filiation statute, and enacted a substitute therefor which it entitled the Uniform Parentage Act. Laws of 1975, 2d Ex. Sess., ch. 42, p. 169. This new act is predicated upon a proposed uniform act proffered by the National Conference of Commissioners on Uniform State Laws; however, in several of its sections it varies considerably from the suggested uniform act.

The filiation statute authorized a complaint only from an unmarried mother, her parents or guardian. Although the

prosecuting attorney was charged with the responsibility for prosecuting the action in the name of the state, the real parties in interest were the complainant mother and the child. *State v. Casey,* 7 Wn. App. 923, 926, 503 P.2d 1123 (1972). As noted by the Court of Appeals in *Douty* at page 611, the State had no independent right to bring an action to establish paternity under the filiation statute. The State could reach the issue indirectly through other statutes, however. *See State v. Russell,* 68 Wn.2d 748, 415 P.2d 503 (1966).

With the enactment of RCW 26.26, the legislature considerably expanded the number of parties who can bring actions to determine paternity. Under RCW 26.26.060, the child, mother, alleged father, the State, the Department of Social and Health Services, or any interested party may bring an action to determine the existence of the father–child relationship.

The model act, upon which RCW 26.26 is based, represents an attempt by the National Conference of Commissioners on Uniform State Laws to construct an act that meets the constitutional mandate of equal treatment of all children, legitimate and illegitimate. The United States Supreme Court held in *Gomez v. Perez,* 409 U.S. 535, 538, 35 L. Ed. 2d 56, 93 S. Ct. 872 (1973):

> [O]nce a State posits a judicially enforceable right on behalf of children to needed support from their natural fathers there is no constitutionally sufficient justification for denying such an essential right to a child simply because its natural father has not married its mother.

Washington has, of course, posited a judicially enforceable right on behalf of a child to needed support from its natural father who was married to its mother. *See, e.g., Childers v. Childers,* 89 Wn.2d 592, 575 P.2d 201 (1978). Thus, it seems clear under authority of *Gomez,* that paternity may be determined in a suit on behalf of a child born out of wedlock regardless of an authorizing state statute. *See Kaur v. Chawla,* 11 Wn. App. 362, 522 P.2d 1198 (1974). Cases from this court, at least in dicta, indicate a similar

view. *See, e.g., State v. Bowen, supra* at 811; *State v. Wood,* 89 Wn.2d 97, 100, 569 P.2d 1148 (1977).

■ The narrow question that we address in this case, however, is solely whether *the State* may bring this particular action pursuant to RCW 26.26. The State argues that RCW 26.26 is applicable by its terms in this instance. Rocz asserts that such application of the UPA constitutes impermissible retroactivity, either by reviving an old cause of action or by retrospectively applying a new statutory cause of action. We would tend to agree with the Court of Appeals that application of RCW 26.26 does not operate to "revive" a cause of action previously barred under RCW 26.24. The two actions are not equivalent. *But see D.Z.M. v. D.A.G.,* 41 Colo. App. 377, 592 P.2d 1 (1978), *cert. granted,* March 19, 1979 (claim under repealed act and under UPA is the same, thus statute of limitation in effect at child's birth applies). It does not necessarily follow, however, that a statute creating a new cause of action on behalf of the State applies to children born prior to its effective date.

■ It cannot be questioned that the legislature has the power to enact a retrospective law, unless it contravenes some constitutional inhibition. *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 315, 89 L. Ed. 1628, 65 S. Ct. 1137 (1945). It is a general rule, however, that a statute will be construed as prospective unless its language requires a contrary construction. As this court said in *Earle v. Froedtert Grain & Malting Co.,* 197 Wash. 341, 344, 85 P.2d 264 (1938):

> It is a fundamental rule of statutory construction that a statute is presumed to operate prospectively and ought not to be construed to operate retrospectively in the absence of language clearly indicating such a legislative intent.

This statement was approved in *Bodine v. Department of Labor & Indus.,* 29 Wn.2d 879, 888, 190 P.2d 89 (1948), wherein we also recognized that if a statute affects the remedy only, it may be given retrospective effect.

We recognize the UPA to be remedial in nature (*see Roe v. Doe,* 59 Haw. 259, 581 P.2d 310, 315 (1978)), and remedial legislation is construed liberally in order to accomplish the purpose for which it is enacted. *Gray v. Goodson,* 61 Wn.2d 319, 324, 378 P.2d 413 (1963). RCW 26.26 is not merely remedial. It creates, for example, a right of action not heretofore existing for the *state* to establish paternity of a child and seek back support and expenses of its birth. Those items, insofar as the mother is concerned, presumably were barred by the 2–year limitation period of the filiation act prior to its repeal. RCW 26.24.160.

Turning to the intent of the legislature, we are unable to find an expression of legislative purpose justifying retroactive application of the UPA. The only statement of purpose contained in RCW 26.26, as adopted by the Washington legislature, is found in section .900 which admonishes that the act be applied and construed to effectuate its general purpose to make uniform the law among the states enacting it.[1] We assume further legislative purpose is to provide for equal treatment of all children, which would include establishing a child's paternity and concomitant support obligation. Mindful of the purposes and the language of the act, we are unable to discern a clear intent by the legislature that the chapter applies to persons born prior to the effective date of the act. Thus, the general rule of prospective application of the statute should prevail. *Pape v. Department of Labor & Indus.,* 43 Wn.2d 736, 741, 264 P.2d 241 (1953).

The legislature included one provision addressing the application to be given RCW 26.26. Section .902 provides in pertinent part:

> The provisions of this 1976 amendatory act shall apply to all actions or proceedings which *shall have been commenced* at the date this act becomes effective . . .

---

[1]The following states have adopted the Uniform Parentage Act: California, Colorado, Hawaii, Montana, North Dakota, Washington and Wyoming. *Uniform Parentage Act,* 9A U.L.A. 579 (Master ed. 1979).

(Italics ours.) This provision was added by amendment to the Senate bill. Prior to amendment, the bill stated that the act "shall not have the effect of terminating, or in any way modifying, any action or proceeding . . . which shall already have commenced at the date this act becomes effective." Substitute Senate Bill No. 2243, § 39 (1975–76 Leg. Sess.). A memorandum explaining the change states only: "[t]o make the provisions of this act available in proceedings pending at the time it becomes effective . . ." Memorandum to House Judiciary Committee (December 3, 1975).

■■ Arguably, RCW 26.26.902 serves only to designate the law applicable to ongoing litigation upon repeal and replacement of the filiation act. *Cf. State v. Unterseher*, 255 N.W.2d 882 (N.D. 1977). We do not so construe the section. By its terms, RCW 26.26.902 gives "limited" retroactivity to actions commenced prior to June 25, 1976, the effective date of RCW 26.26. The failure of the legislature to provide more than limited retroactivity is an indication of an intent to exclude "general" retroactivity.

This conclusion is reinforced upon examining portions of the proposed uniform act which the Washington legislature chose to omit when it enacted its Uniform Parentage Act. The proposed act, upon which the legislature modeled RCW 26.26, contains the following language:

> An action to determine the existence of the father and child relationship as to a child who has no presumed father . . . may not be brought later than [three] years after the birth of the child, or later than [three] years after the effective date of this act, whichever is later.

Uniform Parentage Act, 9A U.L.A. 579, § 7, at 596 (Master ed. 1979). Other state courts have interpreted this language as manifesting legislative intent to apply the act retroactively to children born prior to the effective date. *See, e.g., In re W.M.V.*, 268 N.W.2d 781 (N.D. 1978); *Roe v. Doe, supra.* The Washington legislature chose not to adopt this section.

In the instant case, the child concerned was born more than 6 years prior to the effective date of RCW 26.26. No action was ever commenced under the superseded filiation act (RCW 26.24); the family desertion act (RCW 26.20); or the authority of *Kaur v. Chawla, supra,* in the years following the child's birth. We hold that as to this action brought by the State, the retrospective application of RCW 26.26 is limited as delineated in RCW 26.26.902. Because the child was not a party to this proceeding, nothing herein precludes an action to be brought on his behalf to establish paternity and future support obligations.

In light of our disposition of this case, we need not reach the issue addressed by the Court of Appeals pertaining to the applicable limitation period under the Uniform Parentage Act.

Reversed and remanded.

UTTER, C.J., ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, and WILLIAMS, JJ., and HUNTER, J. Pro Tem., concur.