[No. 47924-1. En Banc. July 8, 1982.]

SANDY HAYWARD, *Respondent,* v. LYLE RAY HANSEN, *Petitioner.*

*Feltman, Frost & Montgomery,* by *John Montgomery,* and *Ronald Paul Arkills,* for petitioner.

*Alan McNeil* of *University Legal Assistance,* for respondent.

PEARSON, J.—We granted review of a less than unanimous decision of Division Three of the Court of Appeals concerning a paternity suit under RCW 26.26.090. The issue on which discretionary review was granted is whether the minor child was properly made a party to the action as required by the statute,[1] and if not, whether the trial court

---

[1] RCW 26.26.090 provides:

lacked jurisdiction to enter the default judgment against defendant, Lyle Hansen.

The natural mother, Sandy Hayward, initiated this paternity action in 1977 alleging that Hansen was the natural father of Alisha Hayward, born May 6, 1977. Barbara Hayward, the child's maternal grandmother, was appointed guardian ad litem for Alisha. The petition named Sandy Hayward, "Alisha Dawn Hayward, a Minor, and her Guardian Ad Litem" as petitioners, but, as the Court of Appeals opinion states, "the record does not reflect she [Barbara Hayward] has taken any legal steps on behalf of Alisha nor signed any documents." *Hayward v. Hansen*, 29 Wn. App. 400, 401, 628 P.2d 1326 (1981). After Hansen was personally served and an attorney filed an appearance on his behalf, the attorney withdrew. In March 1978, petitioners moved for a default judgment and the matter was continued when Hansen asked for additional time to obtain other counsel. Petitioners again moved for a default judgment in September 1978, and a copy of notice of intent to take the default judgment was sent to Hansen by certified mail, but the letter was returned, marked "refused." Attempts to notify Hansen by telephone were also unsuccessful. The default judgment determining Hansen to be the father of Alisha Hayward and ordering payment of monthly child support was entered October 4, 1978. Fifteen months later, Hansen moved for vacation of the default judgment pursuant to CR 60(b). The motion was denied and an appeal was taken to the Court of Appeals.

We agree with the Court of Appeals majority opinion insofar as it dealt with the issue of whether the trial court abused its discretion in refusing to vacate the default judgment. Therefore, we deal only with the jurisdictional issue raised by defendant.

---

"The child shall be made a party to the action. If he is a minor he shall be represented by his general guardian or a guardian ad litem appointed by the court. The child's mother or father may not represent the child as guardian or otherwise."

Defendant contends that the trial court lacked subject matter jurisdiction because the record failed to show (1) proof of personal service of the petition on the child or the guardian ad litem, or (2) proof of the guardian ad litem's participation in the action on behalf of the child. The Court of Appeals rejected the contention. The majority reasoned that since the child's mother is authorized to bring a paternity action under RCW 26.26.060(1), and "since in doing so in her representative capacity she brings the child before the court, the child has been made a complaining party" so as to satisfy the jurisdictional requirements of RCW 26.26-.090. *Hayward*, at 403.

The dissenting opinion, citing *State v. Douty*, 92 Wn.2d 930, 603 P.2d 373 (1979) would hold "failure to serve the child deprived the court of jurisdiction to enter judgment." *Hayward*, at 407. We hold the trial court did have jurisdiction to enter the default judgment in this case if the child, through its guardian ad litem, was in fact an instigating party plaintiff in the proceedings, and we remand for the trial court to determine that question.

 We commence our analysis by considering the legislative purpose of RCW 26.26.090 and its requirements that the child be made a party to the action and that it be represented by someone other than its mother or father. It is obvious the provision was intended to protect the child's rights in both support and determinations of parentage by requiring the child to be a party and independently represented. The provision recognizes the potential conflict the child has between its natural parents where the question of paternity is in doubt. To require the child's presence in the action does no more than recognize the general principle that no individual should be bound by a judgment affecting his or her interests where he has not been made a party to the action. *See Newell v. Ayers*, 23 Wn. App. 767, 598 P.2d 3 (1979). Likewise, it would be unfair for the natural mother to be able to bind an alleged father to a determination of paternity and child support where the child has not been joined and is therefore not bound by the determina-

tion. *Cf. Harris v. Rivard,* 64 Wn.2d 173, 390 P.2d 1004 (1964).

■ Consequently, RCW 26.26.090 mandates the child's presence in the action, and this court in *State v. Douty, supra,* characterized the statute as rendering the child an indispensable party affecting the trial court's jurisdiction to act. In *State v. Douty, supra,* we recognized the jurisdictional issue but disregarded it in order to reach the question of the retroactivity of the Uniform Parentage Act, RCW 26.26 (UPA). We noted that the child, though named as a party to the action brought by the prosecuting attorney, was never served. At 92 Wn.2d 932–33 we stated:

> Consequently, he [the child] is not before the court. Under RCW 26.26.090, the child "shall be made a party to the action." A minor child is to be represented by a general guardian or a guardian ad litem. At least one court has held that the absence of the child, as an indispensable party, deprives the trial court of jurisdiction to enter a judgment under the California version of the UPA. *See Perez v. Department of Health,* 71 Cal. App. 3d 923, 138 Cal. Rptr. 32 (1977). Applying the reasoning of the California court, the instant case would be subject to dismissal. Nevertheless, this court will retain and review a case otherwise moot, if matters of continuing and substantial public interest are involved.

We affirmed the trial court's summary judgment of dismissal of the action on the basis that the UPA would not be applied retroactively so as to give the prosecuting attorney authority to commence a paternity suit not sanctioned by the preexisting filiation statute. However, we did not, in *Douty,* affirm the trial court's dismissal on jurisdictional grounds that the child was not properly before the court.

Nevertheless, more recently in *Miller v. Sybouts,* 97 Wn.2d 445, 645 P.2d 1082 (1982), we were confronted with the issue of whether the natural mother's action to disestablish paternity of a presumptive father under RCW 26.26.060(1)(b) and to establish paternity of a putative father was brought within a reasonable time after passage of the UPA. The child in that case was born on February

11, 1966, during the pendency of a divorce of the natural mother and her then husband. The natural mother had commenced one action in 1973 under the filiation statute, RCW 26.24[2] to establish Sybouts as the father, but that suit was dismissed in 1977 for failure to prosecute. The second action was commenced in February 1979, more than 56 months after the effective date of the UPA. The child's natural mother commenced the second action on behalf of herself and the child, and a guardian ad litem was appointed to represent the child. However, the record was not clear as to whether the child was properly made a party to the suit. Noting again that under RCW 26.26.090 a child is an indispensable party affecting the trial court's jurisdiction, and that a parent may not represent the child under the UPA, we remanded for a determination *inter alia* (1) whether the action had been commenced within a reasonable time after passage of the UPA, (2) for a factual determination whether the child was properly made a party to the suit, and (3) if so, whether the guardian ad litem was notified of the proceedings, and (4) if so, why the guardian ad litem did not appear to protect the child's interest against the adverse dismissal.

In many respects, the case at bench is factually similar to *Miller v. Sybouts.* In both cases, the action was commenced by the natural mother on behalf of the child. In both cases, a guardian ad litem was appointed to represent the child's interest, and in both cases the record does not reflect the guardian ad litem took any affirmative action on behalf of the child. But unlike either *Miller v. Sybouts,* or *State v. Douty,* in the case at bench the guardian ad litem was named in all pleadings as an instigating party to the proceedings. Also, since the case was decided by default judgment, there was no occasion for the guardian ad litem to take an active part in the proceedings.

The fact that the child's guardian ad litem was a party

---

[2]Repealed by Laws of 1975, 2d Ex. Sess., ch. 42, and replaced by RCW 26.26, the Uniform Parentage Act.

plaintiff was noted by the majority opinion of the Court of Appeals in *Hayward v. Hansen,* 29 Wn. App. 400, 403, 628 P.2d 1326 (1981): "The argument that the child must be personally served in the action is, we think erroneous. The child is the instigating party."

If the child, through its duly appointed guardian ad litem, was in fact an instigating party in the suit, there would be no reason for the guardian ad litem to serve the petition on the child or on herself. *See* RCW 4.08.050. Moreover, as noted above, this action was never tried on its merits, and, since the guardian ad litem did not sign the petition, neither the trial court nor the appellate courts can be certain the child was properly before the court or approved the action taken by the natural mother.

Accordingly, we remand this case to the trial court for a determination of whether the guardian ad litem was in fact a consensual plaintiff in the action. *See Miller v. Sybouts, supra.* If not, the judgment should be vacated and the case dismissed on jurisdictional grounds. But if, after receiving a report from the guardian ad litem, the trial court is convinced the guardian was a consensual plaintiff in the action and approved the determination of parentage and child support as reflected in the default judgment, and thereafter enters an order approving such a report of the guardian, then the default judgment is affirmed and binding upon the defendant.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.