[No. 9306-1-I.  Division One.  January 10, 1983.]

*In the Matter of* CHARLES C. BURLEY.

BOBBIE JUNE BURLEY, *Appellant,* v. ROLLO DEAN JOHNSON, *Respondent,* CARLOS Y. VELATEGUI, *Intervenor.*

*Ralph W. Moldauer,* for appellant.

*Owen J. Wales,* for respondent.

*Carlos Y. Velategui,* pro se.

CALLOW, J.—Bobbie J. Burley and Charles C. Burley each appeal a King County Superior Court judgment dismissing, pursuant to CR 41(a)(4), a claim against Rollo

Dean Johnson, respondent, for parentage and child support under the Uniform Parentage Act. Three issues are presented:

1. Whether a trial court has jurisdiction to determine the issue of paternity under RCW 26.26, the Uniform Parentage Act, where the minor child has not been made a party represented by a guardian ad litem.

2. Whether a mother or her minor child are precluded from bringing suit to determine parentage and child support under RCW 26.26, the Uniform Parentage Act, where such child was born prior to the effective date of the act.

3. Whether the two–dismissal rule of CR 41(a)(4) precludes a mother or minor child from bringing an action to establish paternity and obtain child support where two paternity actions against the alleged father have been initiated and voluntarily dismissed, prior to trial, by the prosecuting attorney, representing the State of Washington.

This is an appeal from a paternity action for the determination of parentage and child support filed by Bobbie J. Burley, the mother of the child, against Rollo Dean Johnson pursuant to RCW 26.26, the Uniform Parentage Act. The minor child, Charles C. Burley, is represented on appeal by his guardian ad litem based on an order granting leave to intervene.

Three separate paternity actions against Rollo Dean Johnson have preceded the instant action which is on appeal.

1. Initially, an administrative action was commenced by the Department of Social and Health Services (DSHS). The action was dismissed, prior to decision, on June 22, 1977, due to *Taylor v. Morris,* 88 Wn.2d 586, 564 P.2d 795 (1977), which held that RCW 74.20A does not confer upon DSHS the authority to administratively adjudicate questions of paternity.

2. An action was commenced in King County Superior Court on August 4, 1976, by the King County Prosecuting Attorney entitled Bobbie J. Burley, Plaintiff, v. Rollo Dean Johnson, Defendant, cause D 98008. On August 2, 1979, the

action was dismissed without prejudice on motion of the prosecutor because "contact had been lost with petitioner."

3. On September 7, 1979, the King County Prosecuting Attorney initiated an action in the Superior Court for King County pursuant to RCW 26.26. The action was entitled State of Washington, ex rel., Charles Cameron Burley, child, Petitioner, Bobbie June Burley, mother, Statutory Party, v. Rollo Dean Johnson, father, Respondent, cause 79-5-50072-1. This was dismissed on motion of the prosecutor on April 29, 1980, based on *State v. Douty,* 92 Wn.2d 930, 603 P.2d 373 (1979), which held that RCW 26.26 did not create a new cause of action on behalf of the State of Washington to pursue paternity for children born prior to its effective date. The order of dismissal was "with prejudice as to the State of Washington, but without prejudice to any rights which may now or in the future be determined to exist as to the child, Charles Cameron Burley, or his natural mother, Bobbie June Burley."

Bobbie J. Burley then commenced a paternity action against Rollo Dean Johnson in King County Superior Court on June 24, 1980, entitled In the Matter of the Minor Child, Charles C. Burley, and the Mother, Bobbie June Burley, Petitioners, v. Rollo Dean Johnson, Respondent, cause 80-5-50102-1. The record before us is devoid of any showing that Bobbie J. Burley was ever married. In her petition filed June 24, 1980, the petitioner alleged that Rollo Dean Johnson was the father and stated: "No other man has come forward presuming himself to be the father pursuant to RCW 26.26.040." At a hearing held August 21, 1980, the case was dismissed with prejudice.

Following the dismissal, a guardian ad litem was appointed, ex parte, for the child. The guardian ad litem's motion to intervene was granted by a panel of this court.

Burley now appeals the dismissal of her paternity action. The minor child, represented by his guardian ad litem as an intervenor, also appeals the dismissal.

The first issue is whether a trial court has jurisdiction to determine the issue of paternity under RCW 26.26, the

Uniform Parentage Act, where the minor child has not been made a party represented by a guardian ad litem.

RCW 26.26.090 provides in part:

> The child shall be made a party to the action. If he is a minor he shall be represented by his general guardian or a guardian ad litem appointed by the court. The child's mother or father may not represent the child as guardian or otherwise.

In *State v. Douty, supra,* the court noted that where an action is brought under RCW 26.26 the absence of the child, as an indispensable party, deprives the trial court of jurisdiction to enter a judgment. 92 Wn.2d at 932. The minor child must be made a party plaintiff and it is not sufficient for a mother to bring such an action on the child's behalf. *Miller v. Sybouts,* 97 Wn.2d 445, 450, 645 P.2d 1082 (1982). Moreover, the failure of a minor child to be represented by a guardian ad litem in a paternity suit under RCW 26.26 brings into question the jurisdiction of the trial court to resolve the issues before it. *Miller v. Sybouts, supra. Hayward v. Hansen,* 97 Wn.2d 614, 617, 647 P.2d 1030 (1982), further stated:

> It is obvious the provision [RCW 26.26.090] was intended to protect the child's rights in both support and determinations of parentage by requiring the child to be a party and independently represented. The provision recognizes the potential conflict the child has between its natural parents where the question of paternity is in doubt. To require the child's presence in the action does no more than recognize the general principle that no individual should be bound by a judgment affecting his or her interests where he has not been made a party to the action. Likewise, it would be unfair for the natural mother to be able to bind an alleged father to a determination of paternity and child support where the child has not been joined and is therefore not bound by the determination.

(Citation omitted.)

Here, the minor child is an indispensable party to any action under RCW 26.26, and was required to be joined, represented by a guardian ad litem, to the paternity action

brought by his mother under that act. Although Charles Burley was a named party to the action brought by his mother, the record does not indicate that he was properly made a party plaintiff. Further, he was not represented by a guardian ad litem. Consequently, the trial court was without jurisdiction to enter a judgment and improperly dismissed the action with prejudice. Since Charles Burley was not a party represented by a guardian ad litem, nothing precludes an action brought on his behalf to establish paternity and future support obligations. *State v. Douty, supra* at 938.

■ Although the lack of jurisdiction of the trial court to enter a judgment would otherwise moot the remaining issues on appeal, we may retain and review a moot case if matters of substantial public interest are involved and would probably reoccur. *In re Wilson,* 94 Wn.2d 885, 887, 621 P.2d 151 (1980); *State v. Douty, supra; Hartman v. State Game Comm'n,* 85 Wn.2d 176, 177–78, 532 P.2d 614 (1975); *Sorenson v. Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972). The remaining issues satisfy these criteria.

The second issue is whether a mother or her minor child are precluded from bringing suit to determine parentage and child support under RCW 26.26, the Uniform Parentage Act, where such child was born prior to the effective date of the act.

In *State v. Douty, supra,* the court reviewed the case despite the fact that the child, though named in the action, was never served, thereby rendering the case subject to dismissal and mooting the issues on appeal. Finding that the case involved significant public interest, the *Douty* court resolved the issue whether the *State* may bring an action under RCW 26.26 to determine the paternity of a child born prior to its enactment. Similarly, we will consider the issue presented.

Johnson contends that *State v. Douty* held that RCW 26.26 is not to be applied retroactively and, therefore, an action may not be brought by anyone under that statute when the subject child was born prior to its effective date,

June 25, 1976. Charles Burley, the minor child, was born January 27, 1976. However, *State v. Douty* held only that the *State* may not bring a paternity action under RCW 26.26, in its own right, where a child was born prior to the effective date of the act. It did not determine whether a mother or minor child were similarly precluded.

The basis for the court's decision in *State v. Douty* was that RCW 26.26 created a new right of action in the *State* to independently pursue paternity.

RCW 26.26 is not merely remedial. It creates, for example, a right of action not heretofore existing for the *state* to establish paternity of a child and seek back support and expenses of its birth.

*Douty,* at 936. On the other hand, the court recognized that both a common law right and a statutory basis existed for a mother and a child to pursue such actions prior to the enactment of the current Uniform Parentage Act. 92 Wn.2d at 933–34.

[I]t seems clear . . . that paternity may be determined in a suit on behalf of a child born out of wedlock regardless of an authorizing state statute.

*Douty,* at 934; *see Kaur v. Singh Chawla,* 11 Wn. App. 362, 522 P.2d 1198 (1974).

In February 1976, the legislature repealed RCW 26.24, commonly known as the filiation statute, and enacted a substitute therefor which it entitled the Uniform Parentage Act.

*Douty,* at 933.

Further, we note that in *State v. Douty,* the child in question was born more than 6 years prior to the effective date of the act. In *Douty,* as here, the child had not been made a party to the action. The opinion states:

Because the child was not a party to this proceeding, nothing herein precludes an action to be brought on his behalf to establish paternity and future support obligations.

*Douty,* at 938.

With *State v. Douty* in mind, we hold that a

mother or her minor child are not precluded from bringing an action under RCW 26.26 if the child was born prior to the effective date of the act. The act does not create a new right in parents and children to bring paternity suits but merely changes the procedure in bringing such actions. This would appear to make the act a remedial statute as to parents and their minor children. "Remedial statutes, in general, afford a remedy, or better or forward remedies already existing for the enforcement of rights and the redress of injuries." *Haddenham v. State,* 87 Wn.2d 145, 148, 550 P.2d 9 (1976).

> We recognize the UPA to be remedial in nature (*see Roe v. Doe,* 59 Haw. 259, 581 P.2d 310, 315 (1978)), and remedial legislation is construed liberally in order to accomplish the purpose for which it is enacted. *Gray v. Goodson,* 61 Wn.2d 319, 324, 378 P.2d 413 (1963).

*Douty,* at 936. Hence, since as to a mother and minor child the act is remedial, there is a presumption that the statute is intended to apply retroactively. *Haddenham v. State, supra.* Therefore, inasmuch as prior to the enactment of RCW 26.26 a parent and child had a remedy to pursue parentage under the common law or the then existing filiation statute, RCW 26.24, the presumption of retroactivity applies and Burley and/or her minor child may bring a paternity action under the Uniform Parentage Act, RCW 26.26, despite the fact that Charles Burley was born prior to June 25, 1976, the effective date of the act. The Uniform Parentage Act is now the proper procedural framework for such an action.

Johnson also urges that the case should be dismissed under *Miller v. Sybouts,* 97 Wn.2d 445, 645 P.2d 1082 (1982), which determined that RCW 26.26.060(1)(b) requires that a paternity action for the purpose of determining the nonexistence of the father–child relationship (presumed under RCW 26.26.040(1)) must be brought within a reasonable time. However, where, as here, an action is brought to determine the existence rather than the nonexistence of the father–child relationship and there is

no presumed natural father under RCW 26.26.040, an action may be brought at any time. *See* RCW 26.26.060(2); *Miller v. Sybouts, supra.*

The third issue is whether the two–dismissal rule of CR 41(a)(4) precludes a mother or minor child from bringing an action to establish paternity and obtain child support where two paternity actions against the alleged father have been initiated and voluntarily dismissed, prior to trial, by the prosecuting attorney, representing the State of Washington. This issue concerns the two–dismissal rule of CR 41(a)(4). The interpretation of this rule is of significant public interest and would assist in the disposition of cases subject to that rule. Hence, we will consider the issue.

CR 41 states in part:

**(a) Voluntary Dismissal.**
(1) *Mandatory.* Subject to the provisions of Rule 23(e) and 23.1, any action shall be dismissed by the court:
(A) By stipulation. . . .
(B) By Plaintiff Before Resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case.

. . .

(4) *Effect.* Unless otherwise stated in the order of dismissal, the dismissal is without prejudice, except that an order of dismissal operates as an adjudication upon the merits when obtained by a plaintiff who has once dismissed an action based on or including the same claim in any court of the United States or of any state.

The state courts have not been called upon to construe CR 41(a)(4), *i.e.,* the two–dismissal rule, and the interpretation of Fed. R. Civ. P. 41[1] provides guidance.

---

[1]Fed. R. Civ. P. 41(a) states in part: "[A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim."

■ Generally, the reason for the two–dismissal rule is to prevent the abuse and harassment of a defendant, *American Cyanamid Co. v. McGhee,* 317 F.2d 295 (5th Cir. 1963), and to prevent the unfair use of dismissal. 5 J. Moore, *Federal Practice* § 41.04, at 41–48 (2d ed. 1982). But "the two dismissal rule should be strictly construed". *Orr v. Stuart,* 32 F.R.D. 435, 441 (W.D. Ark. 1963).

■ In order for the two–dismissal rule to apply, the plaintiff must be the same party in both actions or the plaintiff in the second suit must be in privity with the plaintiff in the first action so dismissed. 5 J. Moore, *supra* at 41–49. *See Huskey v. United States,* 29 F. Supp. 283 (E.D. Tenn. 1939). However, where the real party in interest in all the actions is the same, the two–dismissal rule will not be frustrated by a change in nominal parties. *Poloron Prods., Inc. v. Lybrand, Ross Bros. & Montgomery,* 66 F.R.D. 610, 614 (S.D.N.Y. 1975). Thus, for Bobbie Burley to be subject to the two–dismissal rule she must be deemed to have been a real party in interest in the prior two superior court actions which had obtained a voluntary dismissal of those claims.

■ In the first two superior court proceedings, Bobbie J. Burley, Plaintiff, v. Rollo Dean Johnson, Defendant, and State of Washington ex rel. Charles Cameron Burley, child, Petitioner, Bobbie June Burley, mother, Statutory Party, v. Rollo Dean Johnson, Respondent, the State filed suit pursuant to RCW 26.26.060 which states in part:

(2) Any interested party or the department of social and health services or the state of Washington may bring an action at any time for the purpose of determining the existence or nonexistence of the father and child relationship.

(3) In an action brought by the state . . . the state may be represented by either the prosecuting attorney for the county where the action is brought or by the attorney general.

Prior to the enactment of the Uniform Parentage Act, the State had no independent right to bring an action under the then existing filiation statute, but could only

bring an action on behalf of the mother and child who were the real parties in interest. RCW 26.24; *State v. Douty, supra; State v. Casey,* 7 Wn. App. 923, 929, 503 P.2d 1123 (1972). However, the passage of the Uniform Parentage Act greatly expanded the number of parties who could bring paternity actions. "Under RCW 26.26.060, the child, mother, alleged father, the State, the Department of Social and Health Services, or any interested party may bring an action to determine the existence of the father–child relationship." *Douty,* at 934.

In the first two actions, the State was pursuing its independent right to ascertain paternity under RCW 26.26. These proceedings are initiated by the State pursuant to its mandate under RCW 74.20.010[2] *et seq.* to recover the expenditure of public assistance funds for the care of children. Thus, the State was the real party in interest in those litigations. Although Burley was a named party, the record does not indicate that she was ever served or participated in the litigations. Furthermore, the minor child was not represented by a guardian ad litem pursuant to RCW 26.26.090 in either of the actions. As previously noted, "RCW 26.26.090 mandates the child's presence in the action, and . . . *State v. Douty, supra,* characterized the statute as rendering the child an indispensable party affecting the trial court's jurisdiction to act." *Hayward v. Hansen,* 97 Wn.2d 614, 617–18, 647 P.2d 1030 (1982).

The instant action, In the Matter of the Minor Child, Charles C. Burley, and the Mother, Bobbie June Burley, Appellant, v. Rollo Dean Johnson, Respondent, was commenced by Burley without the State as a party. Burley was the named plaintiff, initiated the complaint, and was the real party in interest in that action.

---

[2]Former RCW 74.20.040 states in part:

"Whenever the department of social and health services receives an application for public assistance on behalf of a child and it shall appear . . . that said child has been abandoned . . . the department shall take appropriate action . . . to insure that such parent or other person responsible shall pay for the care, support, or maintenance of said dependent child."

Johnson contends that Ralph Moldauer, Burley's attorney, is but an agent of the State of Washington since he is under contract with the Department of Social and Health Services pursuant to RCW 74.20.350.[3] Therefore, Johnson argues, the State is the real party in interest in the action initiated by Burley. However, both the contract and the statute explicitly state that representation by Moldauer shall be only on behalf of the child or natural parent and not on behalf of the Department of Social and Health Services.

Thus, this action brought by Bobbie Burley could not be dismissed based on CR 41(a)(4). The case was not brought to harass and/or abuse Johnson since there has not yet been an adjudication on the merits concerning paternity. The State, a parent, and a child each have separate and independent interests in establishing paternity. The State's voluntary dismissals of actions it initiated cannot now preclude Burley from instituting an action to further her own interest. Furthermore, there was a lack of identity of parties which is necessary before the doctrine of res judicata could preclude Burley's paternity suit. *Culinary Workers Local 596 Trust v. Gateway Cafe, Inc.*, 95 Wn.2d 791, 794, 630 P.2d 1348, 642 P.2d 403 (1981).

The case is reversed and remanded for an adjudication on the merits of Burley's RCW 26.26 paternity claim against Johnson. On remand, the minor child, Charles

---

[3]RCW 74.20.350 states:

"In order to facilitate and ensure compliance with Title IV–D of the federal social security act, now existing or hereafter amended, wherein the state is required to undertake to establish paternity of such children as are born out of wedlock, the secretary of social and health services may pay the reasonable and proper fees of attorneys admitted to practice before the courts of this state, who are engaged in private practice for the purpose of maintaining actions under chapter 26.26 RCW on behalf of such children, to the end that parent and child relationships be determined and financial support obligations be established by superior court order. . . . *The representation by a private attorney shall be only on behalf of the subject child, the custodial natural parent, and the child's personal representative or guardian ad litem, and shall not in any manner be, or be construed to be, in representation of the department of social and health services or the state of Washington"*. (Italics ours.)

Cameron Burley, through his guardian ad litem, should be joined of record in the action pursuant to CR 19.

DURHAM, A.C.J., and SCHOLFIELD, J., concur.

Reconsideration denied March 31, 1983.

Review denied by Supreme Court May 24, 1983.