[No. 5764-0-III. Division Three. December 13, 1984.]

THE STATE OF WASHINGTON, *on the Relation of Terry L. Partlow, Respondent,* v. PATRICK J. LAW, *Appellant.*

*Kenneth D. Beckley* and *Frederick, Beckley & Cooper,* for appellant.

*Joseph Panattoni, Prosecuting Attorney,* and *Thomas A. Haven, Deputy,* for respondent.

MCINTURFF, J.—The State brought this civil claim against Patrick Law to determine paternity and to obtain child support. The Superior Court entered judgment in favor of the State ordering Mr. Law to pay $288 per month child support. Mr. Law contends the court lacked personal and subject matter jurisdiction, it improperly considered hearsay evidence and considered the total community income when computing the amount for child support. We affirm.

Before trial, Robert L. Frazer, an attorney, was appointed guardian ad litem for the purpose of representing the child for whom this action was brought. He acknowledged receipt of service of pleadings on behalf of the child. Mr. Law eventually stipulated to paternity.

On February 10, 1983, a hearing was conducted to determine an appropriate child support amount. Mr. Law and the child's mother, Terry Partlow, appeared personally and with separate counsel. Mr. Frazer also appeared at this and all other proceedings on behalf of the child. At the conclusion of the hearing, the court set support at $288 per month. This figure was taken from a table of amounts used by the Consolidated Emergency Assistance Program for Families with Dependent Children. WAC 388–24–270. The court also directed Mr. Law to name the child a beneficiary of his life insurance policy.

We first consider whether the court had personal and subject matter jurisdiction. Mr. Law contends that because the child was not named a party to the State's action, the court lacked personal and subject matter jurisdiction. Under the Uniform Parentage Act, a child, natural mother, alleged father, child's guardian or the State of Washington

may bring an action for the purpose of declaring the existence of a father–child relationship. RCW 26.26.060. The statute also requires

> The child shall be made a party to the action. If the child is a minor, the child shall be represented by the child's . . . guardian ad litem . . . The child's mother or father may not represent the child as guardian or otherwise.

RCW 26.26.090, in part.

 A party does not have to be *named* a party to participate as one. Included under the rubric of "parties" are also those who, though not nominal parties to the action, could control the prosecution or defense in furtherance of their own interest and who enjoy, because of the factual setting, all the rights of an actual party. *Ramsey v. Wilson,* 52 Wash. 111, 113–14, 100 P. 177 (1909) (actively assisted in case); *see also Hayward v. Hansen,* 97 Wn.2d 614, 619–20, 647 P.2d 1030 (1982) (active conduct by guardian ad litem can be conduct sufficient to place child before court); *Cartwright v. Atlas Chem. Indus., Inc.,* 623 P.2d 606, 611 (Okla. 1981); *see also* 2 L. Orland, Wash. Prac., *Trial Practice* § 373(2) (1971 & Supp. 1983).[1]

In addition, the doctrine of res judicata and the related doctrine of estoppel by judgment are operative between those who were parties or privies to the action. The rationale supporting these doctrines, that there should be an end to litigation, has frequently caused the courts to give the term "parties" broader construction than merely embracing the named parties. This is true whenever this interpretation would not confound the equally basic policy of affording one his day in court. *See Bordeaux v. Ingersoll Rand Co.,* 71 Wn.2d 392, 395, 429 P.2d 207 (1967); *Corbin v.*

---

[1]Control of the prosecution or defenses is indicated by, among other things, the right to adduce testimony, cross–examine witnesses and to prosecute an appeal. This view is also substantiated by Restatement (Second) of Judgments § 83 (Tent. Draft No. 2, 1975) which provides: "A person who is not a party to an action but who controls or substantially participates in the control of the presentation . . . is bound by the determination of issues decided as though he were a party." *See also* 31 Words and Phrases *Party* 409 (1957 & Supp. 1984).

*Madison,* 12 Wn. App. 318, 323, 529 P.2d 1145 (1974); 2 L. Orland § 373(1).

Here, we find the child, through Mr. Frazer, was properly made a party to the action because control was taken in the litigation. Mr. Frazer accepted service of process on behalf of the child. He also attended all proceedings, participated in cross examination, made closing argument and signed the court approved findings of fact and conclusions of law. To hold otherwise would elevate form over substance.[2] *State ex rel. Miller v. Tacoma,* 177 Wash. 689, 693, 33 P.2d 88 (1934).

■ Second, Mr. Law contends the court erred in determining the amount of support because it improperly considered hearsay evidence. The specific sum of $288 to which he objects was elicited during the following colloquy.

THE COURT: What does welfare give?

MR. HAVEN: Welfare, when she was on a full grant, gave $365.

THE COURT: That was for her support and the child's support?

MR. HAVEN: Right.

THE COURT: How much did they allow for the child

---

[2] Even if we did not find the child a party to the action, CR 21 allows the court to add any party "at any stage of the action and on such terms as are just." This authority may also be exercised on appeal. *See Mullaney v. Anderson,* 342 U.S. 415, 96 L. Ed. 458, 72 S. Ct. 428 (1952) (United States Supreme Court granted respondent's motion to add as parties plaintiff two parties subject to the statute there at issue); 3A J. Moore, *Federal Practice* § 21.03–.05(1) (1984). Given the fact Mr. Law stipulated to paternity, it would be just to add the child as a party plaintiff.

Mr. Law's authorities for his contention the court lacks jurisdiction are distinguishable. These cases concerned claims where the required parties never appeared before the court and the child's interests were neither heard nor independently represented. *In re Burley,* 33 Wn. App. 629, 658 P.2d 8 (1983) (child named but not represented by guardian ad litem); *Perez v. Department of Health,* 71 Cal. App. 3d 923, 138 Cal. Rptr. 32 (1977) (no one other than the State appeared and participated in the action); *State v. Douty,* 92 Wn.2d 930, 603 P.2d 373 (1979) (child not served process, made a party, or represented by a guardian in the action); *Miller v. Sybouts,* 97 Wn.2d 445, 645 P.2d 1082 (1982) (guardian was served neither process nor notice of the proceedings and did not appear in court on the child's behalf); *Hayward* (no evidence existed that guardian made affirmative action on the child's behalf).

itself?

MR. HAVEN: I tried to get to the bottom of that. The best I could do on that is I was informed by the welfare department that if Terry had been removed from welfare, let's just say, by noncooperation with our office in this lawsuit, for example, they would have taken her off and awarded the child $288. As far as allocation, that's the best I can do. Because that's what the child would have gotten on a welfare grant, $288.

Error may not be based upon a court's evidentiary ruling unless a timely and specific objection is made. ER 103-(a)(1); 5 K. Tegland, Wash. Prac., *Evidence* § 11, at 27 (2d ed. 1982 & Supp. 1984).[3] Hearsay evidence admitted without objection may be considered by the trier of fact for its probative value. *Jacqueline's Wash., Inc. v. Mercantile Stores Co.*, 80 Wn.2d 784, 789, 498 P.2d 870 (1972); 5A K. Tegland, Wash. Prac., *Evidence* § 358, at 195 (2d ed. 1982 & Supp. 1984). Mr. Law raised no objection to the sum of $288, hence the court properly considered it.

■ Third, Mr. Law contends the $288 amount was based upon incomplete evidence. In determining child support, the court shall consider all relevant facts, including but not limited to:

(a) The needs of the child;

(b) The standard of living and circumstances of the parents;

(c) The relative financial means of the parents;

(d) The earning ability of the parents;

(e) The need and capacity of the child for education, including higher education;

(f) The age of the child;

(g) The responsibility of the parents for the support of others; and

(h) The value of services contributed by the custodial parent.

---

[3]ER 103 reads in part:

"Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and

"(1) . . . a timely objection or motion to strike is made, stating the specific ground of objection . . ."

RCW 26.26.130(5). To overturn the support award, this court must find an abuse of discretion. *In re Marriage of Curran,* 26 Wn. App. 108, 110, 611 P.2d 1350 (1980). Abuse of judicial discretion occurs only if no reasonable person would take the view adopted by the trial court, *State v. Huelett,* 92 Wn.2d 967, 969, 603 P.2d 1258 (1979), or the court exercised its discretion on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971); *Nord v. Eastside Ass'n,* 34 Wn. App. 796, 800, 664 P.2d 4 (1983).

Here, the record indicates Ms. Partlow is without the resources necessary to provide adequately for the child. She earns less than $600 monthly as a cashier; consequently she lacks more than $200 per month to provide for the child and herself. Indeed, she is unable to qualify for welfare assistance and lacks the resources necessary to maintain a family residence. Conversely, Mr. Law owns and operates a restaurant and had gross community earnings of $50,783 and $37,000 in 1980 and 1981 respectively. He provides for his wife and two children, one of which is from his wife's former marriage. From our review of the record, we conclude a reasonable basis exists to sustain the $288 sum for monthly support.

Lastly, Mr. Law contends the court erred in admitting evidence of the total community income, which included his wife's share of the restaurant profits. He reasons that his wife has no duty to support this child—therefore her income is irrelevant to his economic condition as it affects his ability to support the child. This argument is without merit for two reasons: first, this issue was not raised at trial, which thereby "precludes a party from raising it on appeal." *New Meadows Holding Co. v. Washington Water Power Co.,* 102 Wn.2d 495, 498, 687 P.2d 212 (1984). Second, that Mrs. Law has no duty to support the child does not make her income irrelevant to the support obligation. In deciding the support amount, the court must consider "the needs of the child," the parents' "standard of living" and "relative financial means". RCW 26.26.130-

(5)(a), (b), (c). In the closely analogous cases of support modification, this court upheld a court's consideration of moneys received by a spouse in determining the support amount. The court considered these moneys "not as income or resources but as they related to [the obligated spouse's] economic prospects. . . ." *In re Marriage of Curran, supra* at 110–11; *accord, In re Marriage of Cook,* 28 Wn. App. 518, 522, 624 P.2d 743 (1981); *Lane v. Lane,* 4 Wn. App. 632, 634, 483 P.2d 644 (1971); *cf. In re Marriage of Edwards,* 99 Wn.2d 913, 914, 665 P.2d 883 (1983) (in support awards, parents' standard of living and current and future resources may be considered); *Childers v. Childers,* 89 Wn.2d 592, 598, 575 P.2d 201 (1978) (in support awards, court may consider parents' current and future resources).

Here, the record does not suggest the court included Mrs. Law's income as that which could be collected upon judgment. As in *Curran,* however, the court was within its discretion to consider her earnings because they directly affect the reasonableness of Mr. Law's financial management and his ability to pay support.[4] Because it is essential that the court evaluate fully the parent's ability to manage his financial resources, the Superior Court did not abuse its discretion.

The judgment of the Superior Court is affirmed.

MUNSON, C.J., and GREEN, J., concur.

---

[4]Indeed, at the hearing, Mr. Law's counsel conceded "the Court *can* consider (Mrs. Law's income) as a factor in setting what is a fair figure here." (Italics ours.) Thus, even if we were to find the court improperly considered the income, a party "cannot properly seek review of an alleged error which the party invited." *Davis v. Globe Mach. Mfg. Co.,* 102 Wn.2d 68, 77, 684 P.2d 692 (1984).