[No. 13464-4-III.   Division Three.   March 28, 1995.]

*In the Matter of the Custody of*
SAMANTHA CLARE BROWN.

BRIAN WOODS, *Respondent*, v. DENISE
BROWN, *Appellant*.

*Clayton E. King,* for appellant.
*Grant M. Johnson,* for respondent.

SWEENEY, J. — Although there is a lengthy series of events preceding this action, the facts material to the disposition of this case are brief and undisputed. Brian Woods and Denise Brown met in the summer of 1989 and engaged in a sexual relationship. As a result of that relationship, a child was conceived. Mr. Woods acknowledges paternity. He petitioned for permanent custody of the child, Samantha Clare Brown,

pursuant to the nonparent custody statute, RCW 26.10,[1] as well as the Uniform Parentage Act, RCW 26.26. The court concluded that placement with the father was in the best interest of the child, granted permanent placement with Mr. Woods, and provided visitation for Ms. Brown in a parenting plan.

Ms. Brown appeals the order granting residential placement of her minor daughter, Samantha, with Mr. Woods, contending the order establishing Mr. Woods' paternity is void because the court failed to appoint a guardian ad litem to represent the interests of Samantha and therefore the residential placement must be reversed. We agree and reverse.

## DISCUSSION

■ The Uniform Parentage Act, RCW 26.26, governs actions in which paternity is an issue. *Gonzales v. Cowen*, 76 Wn. App. 277, 281, 884 P.2d 19 (1994). It requires that "[t]he child shall be made a party to the action. If the child is a minor, the child shall be represented by the child's general guardian or a guardian ad litem appointed by the court subject to RCW 74.20.310. The child's mother or father may not represent the child as guardian or otherwise." RCW 26.26.090(1).

■ By enacting RCW 26.26.090, the Legislature ensured protection of the child's rights in both determinations of parentage and support by requiring that the child be made a party to the action and independently represented. *State v. Santos*, 104 Wn.2d 142, 148, 702 P.2d 1179, 70 A.L.R.4th 1021 (1985) (quoting *Hayward v. Hansen*, 97 Wn.2d 614, 617, 647 P.2d 1030 (1982)). Failure to join the child as an indispensable party represented by a guardian ad litem divests the court of jurisdiction and renders all judgments

---

[1] Relevant provisions of the act, which relate to third party actions involving custody of minor children, RCW 26.10, include:

"In entering an order under this chapter, the court shall consider, approve, or make provision for:

"(1) Child custody, visitation, and the support of any child entitled to support;

"(2) The allocation of the children as a federal tax exemption; and

"(3) Any necessary continuing restraining orders[.]" RCW 26.10.040. "The court shall determine custody in accordance with the best interests of the child." RCW 26.10.100.

made by the court void. *McDaniels v. Carlson*, 108 Wn.2d 299, 312, 738 P.2d 254 (1987); *Hayward*, at 620. Jurisdictional issues may be raised for the first time on appeal. *Santos*, at 145.

The constitutional due process requirements of the Fourteenth Amendment and Const. art. 1, § 3 also require a guardian ad litem to represent the child in a paternity action even when, as here, the putative father stipulates to paternity. *Santos*, at 146; *In re Luscier*, 84 Wn.2d 135, 139, 524 P.2d 906 (1974). In *Santos*, the State brought a paternity action on behalf of a mother and her child. The child was named, but not served, as a party, nor was she represented by independent counsel or a guardian ad litem. Without requiring blood tests, and without further investigation, the State accepted the father's stipulation of paternity. The provisions of RCW 26.26.090 requiring appointment of a guardian ad litem in paternity actions do not apply to proceedings brought by the State on behalf of the child. RCW 74.20.310(1), (2). The Supreme Court reversed, nonetheless, holding that when a guardian ad litem is not appointed to protect the interests of the child, the State must act in that capacity. Blind acceptance of an admission of paternity without further investigation into other possible fathers, the court concluded, was not the exercise of prudent guardianship. *Santos*, at 150.

Procedural due process also requires that the child be represented by a guardian ad litem in a private paternity action because " 'no individual should be bound by a judgment affecting his or her interests where he [or she] has not been made a party to the action.' " *Santos*, at 147 (quoting *Hayward*, at 617). The child's interests would include support and placement in a stable, nurturing home environment. *McDaniels*, at 312-13.

Mr. Woods argues, however, that Washington has only addressed the necessity of a guardian ad litem in paternity actions in which the identity of the father was an issue or the child's rights were adversely affected by dismissal of the action. *See, e.g., Miller v. Sybouts*, 97 Wn.2d 445, 645 P.2d

1082 (1982) (failure of guardian ad litem to appear at the motion for summary judgment rendered the summary judgment of dismissal void); *State ex rel. Henderson v. Woods*, 72 Wn. App. 544, 865 P.2d 33 (1994) (either the State must conduct a reasonable inquiry into the identity of the natural father or the child must be represented by a guardian ad litem to ensure due process); *State ex rel. Partlow v. Law*, 39 Wn. App. 173, 692 P.2d 863 (1984) (because child who was not named as a party was represented by a guardian ad litem, the court had jurisdiction to decide paternity); *In re Burley*, 33 Wn. App. 629, 658 P.2d 8 (dismissal of a paternity action with prejudice when the child was not represented by a guardian ad litem or made a party to the action reversed on appeal), *review denied*, 99 Wn.2d 1016 (1983). Mr. Woods argues that the requirement should not be extended here because the issues are limited to placement and visitation.

A statute clear on its face is not subject to judicial interpretation. *In re Marriage of Kovacs*, 121 Wn.2d 795, 804, 854 P.2d 629 (1993). RCW 26.26.090 is clear on its face. The appointment of a guardian ad litem is mandatory for all private paternity actions, including residential placement determinations authorized by RCW 26.26.130(6). *State ex rel. T.A.W. v. Weston*, 66 Wn. App. 140, 147, 831 P.2d 771 (1992) ("The act requires the court to make appropriate provisions for child support and for residential care of the child."). Further, RCW 26.26.130(1) provides that "[t]he judgment and order of the court determining the existence or nonexistence of the parent and child relationship shall be determinative for all purposes." The court retains jurisdiction, over the parties and subject matter, from the initial determination of parentage through any temporary and permanent residential placement. RCW 26.26.080(1).

The residential placement authorized by the Uniform Parentage Act is contained in RCW 26.26.130(6), which states in its entirety: "*On the same basis as provided in chapter 26.09 RCW*, the court shall make residential provisions with

regard to minor children of the parties, except that a parenting plan shall not be required unless requested by a party." (Italics ours.) Mr. Woods contends this provision of the parenting act effectively invokes the dissolution statute, RCW 26.09, which does not require the appointment of a guardian ad litem for development of a parenting plan, including residential placement. We disagree. The statutory authority for a parenting plan is set out in RCW 26.26.130(6); the reference to RCW 26.09 is merely the direction to apply the same procedures and criteria as those used in the Parenting Act of 1987, Laws of 1987, ch. 460, in formulating a paternity parenting plan.

Finally, Mr. Woods contends that at least the residential placement order is valid under RCW 26.10. He is mistaken. This statute authorizes custody for a nonparent only after he or she establishes the parent is unfit or that " 'circumstances are such that the child's growth and development would be detrimentally affected by placement with an otherwise fit parent' ". *In re Stell*, 56 Wn. App. 356, 365, 783 P.2d 615 (1989) (quoting *In re Marriage of Allen*, 28 Wn. App. 637, 647, 626 P.2d 16 (1981)). Mr. Woods does not contend Ms. Brown is unfit. As he notes in his brief: "[T]his was not a circumstance in which the child needed to be protected from the possibility of being placed in one home or the other."

Mr. Woods also contends Ms. Brown is equitably estopped from raising the issue of paternity on appeal. He argues her stipulation to paternity in the order of paternity and his reliance on that stipulation should estop Ms. Brown from relitigating the paternity issue.[2] His argument, however, ignores the central issue, which is jurisdiction over Samantha or her guardian ad litem, jurisdiction which Ms. Brown could not waive.

---

[2]The elements of equitable estoppel include: "(1) an admission, statement, or act inconsistent with the claim afterwards asserted, (2) action by the other party on the faith of such admission, statement, or act, and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act." *McDaniels*, at 308 (quoting *Harbor Air Serv., Inc. v. Board of Tax Appeals*, 88 Wn.2d 359, 366-67, 560 P.2d 1145 (1977)).

The decision of the trial court is reversed for lack of jurisdiction.

THOMPSON, C.J., and SCHULTHEIS, J., concur.