[No. 43156.    En Banc.    February 27, 1975.]

ROBERT JAMES HARTMAN et al, Respondents, v. THE WASHINGTON STATE GAME COMMISSION, Appellant.

*Slade Gorton, Attorney General,* and *James M. Johnson, Assistant,* for appellant.

*Cordes & McPhee,* by *Wm. Thomas McPhee,* for respondents.

BRACHTENBACH, J.—The Washington State Game Commission appeals from a declaratory judgment which held part of a fishing regulation to be invalid. We affirm the trial court.

The Game Commission adopted the 1974 fishing regulations which provided in part:

FISHING FROM BOATS EQUIPPED WITH MOTORS UNLAWFUL —It shall be unlawful to fish from a boat or any other floating device equipped with a motor during the supplemental steelhead and whitefish seasons in the following waters: [A list of 11 rivers or parts of rivers follows.]

Three fishermen affected by the prohibition challenged the regulation. The trial court declared the section invalid on the grounds that its adoption was without statutory authority, without compliance with procedural requirements related to rulemaking, and in violation of the plaintiffs' constitutional rights to due process.

It is noted at the outset that the regulation related only to 1974 and is no longer effective, regardless of questions concerning its prior validity. However, this court will review a case, otherwise moot, if matters of continuing and substantial public interest are involved. Criteria to be considered in deciding whether to hear such a case include the

public nature of the question presented, the desirability of an authoritative determination for the future guidance of public officers, and the likelihood of future recurrence of the question. *Sorenson v. Bellingham*, 80 Wn.2d 547, 496 P.2d 512 (1972). Such elements are present here.

Did the Game Commission have statutory authority to adopt the challenged regulation? Two statutes must be examined. RCW 77.12.040 authorizes the commission to

> adopt, promulgate, amend, or repeal, and enforce, reasonable rules and regulations governing the time, place and manner, or prohibiting the taking of the various classes of game animals, fur-bearing animals, protected wildlife, and predatory animals, game birds, predatory birds, nongame birds, and harmless or song birds, and game fish in the respective areas and throughout the state and the quantities, species, sex and size of such animals, birds and fish that may be taken.

The commission argues that the challenged regulation pertains to the "manner" of taking game fish and is, therefore, within its regulatory authority. Respondents, however, take the position that the commission's regulatory authority is qualified by RCW 77.12.010, which provides:

> The wild animals and wild birds in the state of Washington and the game fish in the waters thereof are the property of the state. The game animals, fur-bearing animals, game birds, nongame birds, harmless or song birds, and *game fish shall be preserved, protected, and perpetuated, and to that end* such game animals, fur-bearing animals, game birds, nongame birds, harmless or song birds, and game fish *shall not be taken* at such times or places, by such means, *in such manner,* or in such quantities *as will impair the supply* thereof.

(Italics ours.)

The chief of the Fisheries Management Division testified specifically that the purpose of the regulation was to govern the deportment of fishermen using a river, there having arisen disputes and dissension between bank fishermen and those fishing from powered boats. Such a purpose is obviously improper if the legislature intended to limit the

commission's regulatory authority to the effectuation of those concerns enunciated in RCW 77.12.010.

██ ██ Our essential object, in interpreting the meaning of RCW 77.12.040, is to ascertain and give effect to the intent of the legislature, and we must look to the statutory context as a whole to derive legislative intent. *Amburn v. Daly*, 81 Wn.2d 241, 501 P.2d 178 (1972). Where the legislature prefaces an enactment with a statement of purpose such as RCW 77.12.010, that declaration, although without operative force in itself, nevertheless serves as an important guide in understanding the intended effect of operative sections. *State ex rel. Berry v. Superior Court*, 92 Wash. 16, 159 P. 92 (1916); *Whatcom County v. Langlie*, 40 Wn.2d 855, 246 P.2d 836 (1952).

██ Thus, we look to the prefatory section to explicate the extent of authority intended to be delegated by RCW 77.12.040, and that preface clearly pertains to matters of conservation, *i.e.*, preservation, protection and perpetuation so as not to impair the supply. It is *to that end* that the manner of taking is to be restricted. There is no indication that the legislature intended that regulations relating to the manner of taking should be directed toward a different end, and to interpret identical language in the two sections as having different connotations would be illogical. As further support for this view, it should be noted that RCW 77.12.330 authorizes the commission to set aside exclusive fishing areas for minors. From that statute it can be inferred that the legislature believed it necessary to confer special regulatory authority upon the commission to enact a rule unrelated to the purposes contained in the policy section. The essential failing of the regulation is that its intended purpose bore absolutely no relation to the regulatory authority delegated to the commission. Indeed the respondents concede that if its purpose had been related to conservation it would be valid.

There is an alternative basis for holding that the challenged regulation is invalid. The administrative procedure

act (RCW 34.04) establishes certain procedural requirements relating to an agency's rulemaking, and RCW 34.04.025 provides that, prior to the adoption of any rule, the agency shall:

Give at least twenty days notice of its intended action by . . . giving public notice as provided in chapter 42.30 RCW, as now or hereafter amended. Such notice shall include (i) reference to the authority under which the rule is proposed, (ii) a statement of either the terms or substance of the proposed rule or a description of the subjects and issues involved, and (iii) the time when, the place where, and the manner in which interested persons may present their views thereon.

The only public notice given more than 20 days prior to the meeting where the rule was adopted was a Game Department news release which described the purpose of the meeting, in part, to be the establishment of 1974 fishing seasons. Such cursory notice obviously does not satisfy the requirements of RCW 34.04.025. However, 1 week prior to the meeting at which the challenged regulation was adopted, the Game Department distributed to an unspecified number of news media a news release which contained a text of the regulation. The commission argues that the adequacy of this public notice is to be measured in relation to RCW 42.30 rather than RCW 34.04.025.

The meeting in question here was a "special meeting" (RCW 77.04.060), and RCW 42.30.080, which applies to special meetings, requires only that various news media be notified of the nature of business to be transacted at a special meeting and that such notice be given 24 hours in advance of the meeting. RCW 42.30, entitled the Open Public Meetings Act of 1971, obviously conflicts with RCW 34.04.025, both as to what information the notice must contain and especially as to the time at which notice must be given. We note that RCW 42.30.140 provides that the act shall control where in conflict with another statute. However, examination of the original language of the act (Laws of 1971, 1st Ex. Sess., ch. 250) clearly shows that the legis-

lature did not intend that the notice provisions of RCW 42.30.080 should override the more detailed notice requirements of RCW 34.04.025. RCW 34.04.025 originated as section 17 of the Open Public Meetings Act of 1971, and reference to RCW 42.30 is not made in the original language. Instead, section 17 states that public notice shall be given as provided *in this 1971 amendatory act.* Therefore, the confusion resulting from reading the two statutes, RCW 34.04.025 and RCW 42.30.080, together results not from the language of the act itself but from substitution of language in the code version. A further indication of legislative intent can be inferred by the absence of notice provisions in RCW 42.30, with the exception of the special meetings section. As to general meetings, RCW 42.30 contains no provisions pertaining to public notice. Finally, we note the declared purpose of the Open Public Meetings Act of 1971 is to ensure that the people shall remain "informed so that they may retain control over the instruments they have created." RCW 42.30.010. It is implausible that the legislature intended to effectuate that declared policy by limiting substantially the kind of notice required in connection with rulemaking at special meetings. RCW 42.30.080 clearly relates only to the kind of notice required where a special meeting is to be called and does not qualify the notice provisions of RCW 34.04.025. Accordingly, the notice provided in regard to the adoption of the challenged regulation was inadequate.

In view of our holding we need not reach the constitutional issue of due process.

One matter remains. The commission contends that this is not an appropriate case for a declaratory judgment action. RCW 34.04.070 provides in part:

(1) The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the superior court of Thurston county, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner.

182

When the State chose to authorize fishing by licensing and otherwise regulating the taking of fish, it conferred upon licensed fishermen a privilege sufficient to give status to such persons to challenge the regulations.

The judgment of the trial court is affirmed.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.