Larry Swift, Ph.D. Executive Director Washington State School Directors' Association 221 College Street Northeast Olympia, WA 98516-5313
Dear Dr. Swift:
By letter previously acknowledged, you have asked for our opinion on a question we have rephrased as follows:
 Must a school district offer all five of the "basic benefits" mentioned in RCW 28.400.270 before agreeing to make employer contributions for an "optional benefit plan" as described in RCW 28A.400.280?
We answer this question in the affirmative, as explained in more detail in the analysis below.
 ANALYSIS
Your question concerns the proper application of what is now chapter 28A.400 RCW, a series of statutes defining employee benefit plans for school districts. The key statutory language to your inquiry is subsection (2) of RCW 28A.400.280, which reads as follows:
 School districts may provide employer contributions after October 1, 1990, for optional benefit plans, in addition to basic benefits, only for employees included in pooling arrangements under this subsection. Optional benefit plans may not include employee beneficiary accounts that can be liquidated by the employee on termination of employment. Optional benefit plans may be offered only if:
 (a) The school district pools benefit allocations among employees using a pooling arrangement that includes at least one employee bargaining unit and/or all nonbargaining group employees;
 (b) Each full-time employee included in the pooling arrangement is offered basic benefits, including coverage for dependents, without a payroll deduction for premium charges;
 (c) Each full-time employee included in the pooling arrangement, regardless of the number of dependents receiving basic coverage, receives the same additional employer contribution for other coverage or optional benefits; and
 (d) For part-time employees included in the pooling arrangement, participation in optional benefit plans shall be governed by the same eligibility criteria and/or proration of employer contributions used for allocations for basic benefits.
RCW 28A.400.280(2).
(Emphasis added.)
The term "basic benefits" is defined in RCW 28A.400.270(3) as: "Basic Benefits" are determined through local bargaining and are limited to medical, dental, vision, group term life, and group long-term disability coverage. (RCW 28A.400.270(3), emphasis added).
Given these statutes, you have asked whether a district must offer employees a basic benefits plan that covers each of the five types of coverage specified in RCW 28A.400.270(3) before, or as a condition to, offering an "optional benefit plan." If "basic benefits" are negotiable, what is to prevent a school district from negotiating to drop one or more of the five listed categories of basic benefits from its package, freeing up funds for an "optional benefit" package?
The answer is not explicit in the wording of RCW 28A.400.280 but is, in our opinion, implicit in the language selected by the Legislature — especially in light of the Legislature's stated purpose in enacting the statute.
We begin with a common principle of statutory interpretation that in interpreting a statute, the act must be construed as a whole, and effect should be given to all language used. No portion of a statute should be rendered meaningless or superfluous. Whatcom County v. Bellingham, 128 Wn.2d 537, 909 P.2d 1303 (1996); Seattle v. Fontanilla, 128 Wn.2d 492, 909 P.2d 1294 (1996). Although the Legislature provided that the "basic benefits" package (in any particular year in any particular school district) would be bargained, to interpret the bargaining so broadly as to permit some or all of the statutorily recognized benefits to be completely bargained away would render portions of chapter 28A.400
RCW ineffective or meaningless, as well as subverting the Legislature's purpose for enacting the statute.
RCW 28A.400.280(2) permits a district to make employer contributions for optional benefits only "in addition to basic benefits[.]" This language alone would be difficult to square with a broad reading of the "bargaining" language in the definition of "basic benefits." Unless the five "basic benefits" as defined in RCW 28A.400.270 are already provided, any optional benefit proposal would not be "additional" to the "basic benefits" mentioned in the statute.
The language in subsection (b) of RCW 28A.400.280(2) reiterates that before optional benefits are offered, each full-time employee included in the pooling arrangement must be offered "basic benefits." But if some of the five listed "basic benefits" are missing from the package, how can it be said that the employees have been "offered basic benefits"? Allowing districts and employee bargaining units to negotiate away one or more of the five basic benefits, and yet to offer an optional benefit package would render the very concept of "basic benefits" so elastic as to be meaningless.
This point is clearer if one reads the whole statute and examines its legislative purpose. The language under discussion was enacted as part of section 1, chapter 11, Laws of 1990, 1st Ex. Sess. The chapter opens with a preamble stating that [t]he legislature recognizes the rising costs of health insurance premiums for school employees, and the increasing need to ensure effective use of state benefit dollars to obtain basic coverage for employees and their dependents. . . .
The goal of this act is to provide access for school employees to basic coverage[.]
Laws of 1990, 1st Ex. Sess., ch. 11, a 1 (uncodified, but included in a note to RCW 28A.400.200).
(Emphasis added.)
Where the Legislature prefaces an enactment with a statement of purpose, such a declaration (although without operative force in itself) serves as an important guide in understanding the intended effect of the operative section. Hartman v. The Washington State Game Commission, 85 Wn.2d 176, 532 P.2d 614 (1975); In re Bale,63 Wn.2d 83, 385 P.2d 545 (1963). In this case, the Legislature having defined "basic benefits" to include five categories, adopted a statute which was intended to assure school district employees that, first of all, their "basic benefits" would be covered. To this end, the Legislature provided that "optional" benefits could be provided by the employer only after each employer had been offered "basic" benefits. A broad reading of the "bargaining" language would permit a district not to provide the "basic" benefits, offering some other "optional" benefit instead, which would be contrary to the stated legislative intent.
Thus, we conclude that a district must provide, to some extent, for each of the five categories of "basic" benefits before offering an "optional benefit plan" to any of its employees. Having said that, we note that the statutes still leave the districts great discretion and do not prescribe as to any of the five categories, precisely how much coverage must be offered or how many options to make available. These are still matters to be bargained. We will not try to define the limits of each district's bargaining discretion except to say that each of the five categories must be "covered" in some sense and to refer districts back to the statutory language (and the purpose behind it) as instruction for their conduct.
We trust this opinion will be of assistance to you.
Very truly yours,
CHRISTINE O. GREGOIRE Attorney General
JAMES K. PHARRIS Senior Assistant Attorney General