Honorable Barbara Bailey State Representative, District 10 PO Box 40600 Olympia, WA 98504-0600
Dear Representative Bailey:
By letter previously acknowledged, you requested our opinion on four questions, which we have consolidated into two as follows:
 1. If a meeting of a standing committee of a city council is regularly scheduled, noticed, and open to the public, and a majority of the city council members attend, but do not participate in, the standing committee meeting, is there both a standing committee meeting and a council meeting; and must notice for a special meeting be provided separately for the council meeting, in addition to the notice for the standing committee meeting, in order for the meeting to comply with the Open Public Meetings Act?
 2. If a meeting of a standing committee of a city council is regularly scheduled, noticed, and open to the public, and a majority of the city council members attend and participate in the meeting, is there both a standing committee meeting and a council meeting; and must notice for a special meeting be provided separately for the council meeting, in addition to the notice for the standing committee meeting, in order for the meeting to comply with the Open Public Meetings Act?
 [original page 2]
 BRIEF ANSWER
The answers to your questions depend on whether a meeting of the city council takes place when notice has been given only of a standing committee meeting. A meeting of the city council may occur if a quorum of the city council members take action at the standing committee meeting, as action is defined in RCW 42.30.020(3). If so, a separate meeting of the city council has occurred (in addition to the standing committee's meeting). In that case, the additional meeting must comply with the Open Public Meetings Act's notice requirements. Where the city council takes action at a standing committee's meeting, it is not sufficient to rely on the notice that was provided for the standing committee meeting.
 BACKGROUND
Before turning to your precise questions, we explain the general legal framework of the Open Public Meetings Act (Act), RCW 42.30, which governs our answers to your questions. The Act requires that all meetings of the governing body of a public agency shall be open and public. RCW 42.30.030. "Public agency" includes any "subagency of a public agency which is created by or pursuant to statute, ordinance, or other legislative act. . . ." RCW 42.30.020(1)(c). "Governing body" may include the "policy or rule-making body of a public agency [such as the city council], or any committee thereof when the committee acts on behalf of the governing body, conducts hearings, or takes testimony or public comment." RCW 42.30.020(2). The Act is only concerned with a meeting where action is taken. RCW 42.30.020(4). "`Action' means the transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony, deliberations, discussions, considerations, reviews, evaluations, and final actions."[1] RCW 42.30.020(3).
There are two types of meetings contemplated under the Act: regular and special meetings. Regular meetings are scheduled by ordinance, resolution, bylaws, or rule. RCW 42.30.070. The Act does not require that public agencies provide an agenda as part of the notice requirements for a regular meeting. Hartman v. State Game Comm'n,85 Wn.2d 176, 181, 532 P.2d 614 (1975); Dorsten v. Port of SkagitCnty., 32 Wn. App. 785, 789-90, 650 P.2d 220, review denied,98 Wn.2d 1008 (1982).[2] Special meetings are meetings other than regular meetings. See Mead Sch. Dist. 354 v. Mead Educ. Ass'n,85 Wn.2d 140, 142, 530 P.2d 302 (1975). They may be called with at least twenty-four hours' notice to each member of the governing body and to each local newspaper and radio or television station which has previously requested in writing to be notified of special meetings. RCW 42.30.080. The notice for special meetings must specify the time and place of the special
[original page 3]
meeting and the business to be transacted. RCW 42.30.080.
In your request, you provide factual background that frames the scope of our opinion. For purposes of analyzing your questions, we assume these facts. First, you indicate that city councils have created a number of standing committees by ordinance. You explain that the ordinance requires regularly-scheduled and noticed committee meetings. You further state, in your letter, that "[t]he requirements for standing committee meetings are intended to be the same as or substantially similar to the requirements for full council meetings in order to ensure compliance with the [Act]."
Additionally, as you describe in your letter, the applicable ordinance provides that standing committees are composed of less than a quorum of city council members, however, city council members may attend the standing committee meetings if desired. No votes or final actions may be taken at standing committee meetings.
 ANALYSIS 1. If a meeting of a standing committee of a city council isregularly scheduled, noticed, and open to the public, and a majority ofthe city council members attend, but do not participate in, the standingcommittee meeting, is there both a standing committee meeting and acouncil meeting; and must notice for a special meeting be providedseparately for the council meeting, in addition to the notice for thestanding committee meeting, in order for the meeting to comply with theOpen Public Meetings Act?
The Act's requirements are triggered at any point that the governing body of a public agency has a meeting as defined by the Act. RCW 42.30.030. Since, according to your request, standing committee meetings are already regularly noticed and scheduled, [3] a concern arises under the Act only if an additional meeting results from the attendance or participation of other city council members at the standing committee meetings.
A city council is a distinct entity from a standing committee. RCW 42.30.020(3) (defining a "governing body" both as a council and a committee acting on behalf of the
[original page 4]
council). Although a standing committee may be created by and made up of members of the city council, it is a "governing body" when it "acts on behalf of the governing body, conducts hearings, or takes testimony or public comment." RCW 42.30.020(2); see also AGO1971 No. 33, at 8-9. Meetings of the city council must comply with the Act, and may not rely upon the notice provided of a standing committee meeting.
Your question, therefore, depends on whether a meeting of the city council occurs, despite the fact that notice was given for only a committee meeting. This would occur only if a quorum of the full council takes an "action," as that term is defined in statute. RCW 42.30.020(4). The statutory definition of "action" is quite broad. Miller v. City ofTacoma, 138 Wn.2d 318, 327, 979 P.2d 429 (1999); AGO1971 No. 33, at 19. The Act defines "action" as "the transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony, deliberations, discussions, considerations, reviews, evaluations, and final actions." RCW 42.30.020(3). As noted by the court in Eugster v. City ofSpokane, 110 Wn. App. 212, 39 P.3d 380 (2002), the definition includes a list that is not exhaustive of conduct that might constitute action. If an additional meeting occurs because the city council — a governing body distinct from the standing committee — attends and takes action, that new meeting requires separate compliance with the requirements of the Act. To put the matter differently, the Act is not satisfied by giving notice of a meeting of a standing committee, if the meeting turns out to constitute a meeting of the city council itself. Such notice would not satisfy the purpose of the Act — to assure advance notice to the public of meetings of a governing body, so that the actions of a governing body are "taken openly and . . . deliberations [are] conducted openly." RCW 42.30.010 (declaration of legislative intent). Therefore, in answering your questions, we consider whether either of the described scenarios constitutes a "meeting" of the city council implicating the Act.
Although your request frames the question based on whether or not the council members "participate" in the standing committee's meeting, the relevant inquiry is whether the council members take action while attending the meeting. RCW 42.30.020(4) (defining a meeting as a meeting at which action is taken). We concluded in 2006 that a quorum of city or county council members could attend a public meeting called by a third party without violating the Act, as long as the council members did not take action. AGO 2006 No. 6.[4] We emphasized that whether members take action depends on whether the particular circumstances fall within the "transaction of the official business" of the governing body." AGO 2006 No. 6, at 2. For example, council members are taking action where they deliberate or discuss a decision they might eventually make. AGO 2006 No. 6, at 2 (citing In re Recall of Beasley,128 Wn.2d 419, 908 P.2d 878 (1996)).
Additionally, for example, action occurs where a governing body receives public testimony. AGO 2006 No. 6, at 2. As we cautioned in the 2006 opinion, council members
[original page 5]
would need to consider whether they are receiving public testimony or taking other action while attending the meeting. Ultimately, whether a quorum of the city council is taking action is a fact-specific analysis that cannot be answered in the abstract, and accordingly, cannot be answered in the context of this opinion.
However, it bears mentioning that it is more likely in the scenarios you present, than in the situation discussed in the 2006 opinion, that the council members would be taking action while attending the standing committee meeting. In the questions that you present, the standing committee is a subpart of the city council — it is created by the city council and the business it is transacting is almost certainly within the scope of the city council's official business. That makes the present scenario quite different from attendance at a completely unrelated third party's meeting discussed in the 2006 opinion. It is more likely that city council members attending a meeting of the council's own standing committee could be receiving public testimony, considering proposals, or performing other types of action.
This is not to suggest that council members cannot attend committee meetings. We do not conclude that council members who are not members of the committee are disqualified from attending what is otherwise an open public meeting; we merely conclude that if such a meeting is one at which the council takes "action," then compliance with the Open Public Meetings Act is required. Moreover, even where the council members' attendance constitutes a meeting of the council under the Act, they are not prohibited from attending the standing committee meetings by the Act. Rather, as long as the council follows the requirements for a special meeting under RCW 42.30.080, the members may attend and take action at the standing committee meeting. AGO 2006 No. 6, at 3.
2. If a meeting of a standing committee of a city council isregularly scheduled, noticed, and open to the public, and a majority ofthe city council members attend and participate in the meeting, is thereboth a standing committee meeting and a council meeting; and must noticefor a special meeting be provided separately for the council meeting, inaddition to the notice for the standing committee meeting, in order forthe meeting to comply with the Open Public Meetings Act?
As mentioned above, the relevant question for purposes of analyzing whether the city council members' attendance triggers additional notice requirements under the Act depends on whether the city council takes action (as it is defined by RCW 42.30.020(3)) at the standing committee meeting. Assuming it does, a meeting of the city council has occurred in addition to a meeting of the standing committee. In such a situation, the Act requires notice of the city council's meeting in addition to notice of the standing committee's meeting.
When a quorum of the city council takes action at a standing committee meeting, a city council meeting has occurred, and the city council must provide notice of its meeting consistent with the Act. The standing committee meeting is a separate governing body from the
[original page 2]
city council. It is not sufficient to rely on the notice that was provided for the standing committee meeting.
We trust that the foregoing will be useful to you.
ROB McKENNA Attorney General
ALICIA O. YOUNG Assistant Attorney General
wros
[1] "`Final action' means a collective positive or negative decision, or an actual vote by a majority of the members of a governing body when sitting as a body or entity, upon a motion, proposal, resolution, order, or ordinance." RCW 42.30.020(3).
[2] However, other statutes may impose additional notice requirements. For example, RCW 35.23.221 requires second class cities to notify the public of the preliminary agenda for the forthcoming council meeting.See also RCW 35A.12.160.
[3] Because the ordinances you reference treat standing committee meetings as regular meetings under the Act, we need not explore under what circumstances such meetings would be subject to the Act. For general reference, however, such meetings would be subject to the Act if the standing committee constitutes a public agency under RCW 42.30.020(1)(c) ("public agency" defined to include any "subagency of a public agency which is created by or pursuant to statute, ordinance, or other legislative act"). See also AGO1971 No. 33, at 8-9 (concluding subcommittees created by statute or ordinance are agencies under the Act). Even if the standing committee does not constitute a public agency, it would be subject to the Act when it acts as a governing body by either acting on behalf of the city council or by conducting hearings, or taking testimony or public comment. RCW 42.30.020(2).
[4] Because we cite our 2006 opinion several times during the course of this analysis, a copy is attached for ease of reference.