## NOTICE:   SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

### DIVISION  II

| | |
|---|---|
| ARTHUR WEST, and TWIN HARBORS FISH AND WILDLIFE ADVOCACY, a Washington nonprofit corporation, | No.  54569-1-II |
| Appellants, | |
| v. | PUBLISHED  OPINION |
| WASHINGTON DEPARTMENT OF FISH & WILDLIFE, an agency of the State of Washington, | |
| Respondent. | |

WORSWICK, J. — Twin Harbors Fish and Wildlife Advocacy and Arthur West (collectively "the appellants") appeal the trial court's order granting the Department of Fish and Wildlife (Department) summary judgment and denying the appellants' motion for summary judgment on their claim that the Department violated the Open Public Meetings Act (OPMA) when it adopted certain fisheries rules.  Under RCW 42.30.140(3), the OPMA does not control "matters governed by chapter 34.05 RCW, the Administrative Procedure Act" (APA).  The appellants argue that rulemaking is not a "matter governed" by the APA, and that the OPMA and Department statutes under ch. 77.04 RCW control rulemaking notice requirements.

No. 54569-1-II

We hold that rulemaking is a matter governed by the APA and is therefore not controlled by the OPMA, and that ch. 77.04 RCW explicitly provides that Department rulemaking take place under the APA. Accordingly, we affirm.

FACTS

I. THE FISHERIES RULEMAKING PROCESS

Each year, the Department, which is headed by a nine-member commission, adopts rules for recreational salmon fisheries. RCW 77.04.030. The relevant fisheries region here is called "North of Falcon." Clerk's Papers (CP) at 225. This refers to salmon stocks managed by the Department that are north of Cape Falcon, Oregon. The Department also refers to the process for promulgating rules for this region as the North of Falcon process. During this process, Department employees meet with community stakeholders during North of Falcon and Pacific Fishery Management Council (PFMC) meetings to develop fishery plans based on scientific trends for expected salmon runs. The community stakeholders include neighboring states, federal agencies, and Northwest Tribes.

The first step in the North of Falcon process begins in January of each year, when the Department publishes a notice of intended rulemaking. In March and April, Department employees attend the PFMC meetings to learn about federal salmon fishery stocks in nearby offshore waters that migrate between state and federal waters. Then, Department employees meet with tribes that have treaties that guarantee them the right to harvest salmon in Washington waters. Although some of the meetings that take place between the Department and stakeholders are public, the tribes exclude members of the public from the North of Falcon meetings. During

2

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54569-1-II

the meetings between the Department and the tribes, biologists from the Department and the tribes exchange forecasts for predicted salmon runs.

After the tribes' and the Department's biologists reach consensus on forecast salmon run numbers, fishery managers begin the process of developing annual fishing regulation proposals. The tribes and the Department share their forecast at the PFMC and then memorialize the agreed-on salmon fisheries that have been developed in a List of Agreed Fisheries. The List of Agreed Fisheries provides the basis for the second phase of the rule-making, which includes identifying a set of proposed rules needed for the Department to open the state fisheries. The Department then publishes a notice that includes draft fishery rules in the Washington State Register and calls for public comment.

At the same time, federal entities at the PFMC are finalizing federal ocean fishery rules. To align the opening of state fisheries with federal fisheries seasons, the Department adopts emergency rules to govern the state fisheries based on the List of Agreed Fisheries. The emergency rules govern the annual fisheries from approximately May of each year until such time as the public comment period for the Department's rulemaking ends and the Department can publish the final WAC rule.[1] On the final step, the Department director signs the rulemaking order and the rule is published with a concise explanatory statement in the Washington State Register.[2]

---

[1] The permanent rules are generally published between June and August of each year. (July 2019), (August 2018), (July 2018), (June 2018).

[2] "The department consists of the state fish and wildlife commission and the director. The commission may delegate to the director any of the powers and duties vested in the commission." RCW 77.04.020.

No. 54569-1-II

In January 2019, the Department commission published a policy decision in which it delegated "the authority to the Director to make harvest agreements with Northwest treaty tribes and other governmental agencies, and adopt permanent and emergency regulations resulting from the agreements made during the annual North of Falcon process." CP at 264. An earlier delegation letter from the commission to the director stated that, additionally, "the Director is authorized to delegate to employees of the Department any power or duty delegated to the Director by the Commission, unless the Commission expressly directs that the power or duty be exercised by the Director only." CP at 1044.

II. PROCEDURAL HISTORY

A.      *Appellants' Claim*

In March 2019, West, a private citizen, sued the Department, alleging it violated ch. 77.04 RCW (the Fish and Wildlife Code, the Department's governing statute) and the OPMA when the director and other employees held "secret" meetings during the North of Falcon process. CP at 3. West argued that between 2017 and 2019, the Department's meetings during the process did not comply with the OPMA, and he sought fees, injunctive relief, and declaratory judgment under ch. 7.24 RCW. Twin Harbors, a nonprofit corporation, joined and filed an amended complaint in June, alleging the Department violated the OPMA and requesting the court invalidate the fishing seasons and rules the Department adopted during the North of Falcon Process in 2018 and 2019.

B.      *Department's Motion for Summary Judgment*

In December 2019, the Department moved for summary judgment. The Department cited RCW 42.30.140(3) of the OPMA, which states: "If any provision of this chapter conflicts with

4

No. 54569-1-II

the provisions of any other statute, the provisions of this chapter shall control: PROVIDED, That

this chapter shall not apply to: . . . (3) Matters governed by chapter 34.05 RCW, the

Administrative Procedure Act." (The Department argued that because the fisheries rules are

adopted under a rulemaking procedure governed by the APA, under the OPMA's own terms its

provisions do not apply.)

C.      *Appellants' Motion for Summary Judgment*

In January 2020, the appellants responded to the Department's motion and filed a cross-

motion for summary judgment. In it, the appellants argued that RCW 42.30.140 "is not a global

exemption" and that "the OPMA specifically contemplates it applying to APA governed

proceedings." CP at 1005. The appellants further argued that the APA does not control where it

conflicts with the OPMA and that the APA applies only when the APA is "more stringent" than

the OPMA. CP at 1006.

D.      *Trial Court's Decision*

The trial court granted the Department's motion and denied the appellants' motion. In its

written order, the court stated:

> The Court concludes that, as a matter of law, this rule-making activity is governed
> by Chapter 34.05 RCW – the Administrative Procedure Act. As a matter of law,
> such rule-making activity is not governed by the Open Public Meetings Act,
> Chapter 42.30 RCW, as specified in RCW 42.30.140(3). The Court did not
> consider Defendants' other grounds for summary judgment on Twin Harbors' and
> Arthur West's claims that Defendants violated the Open Public Meetings Act.

Notice of Appeal, No. 54569-1-II (Apr. 13, 2020).

West and Twin Harbors appeal.

No. 54569-1-II

ANALYSIS

The appellants argue that the trial court erred when it ruled that the OPMA does not apply to the Department's APA rulemaking. West additionally argues that the trial court erred when it did not require the Department to conduct rulemaking under RCW 77.04.090.

We hold that the OPMA does not apply when a government agency engages in APA rulemaking. Likewise, we hold that RCW 77.04.090 does not require the Department to conduct its rulemaking under the OPMA.

## I. LEGAL PRINCIPLES

### A. *Standard of Review*

We review summary judgment decisions de novo. *Johnson v. Wash. Conserv. Comm'n*, 16 Wn. App. 2d 265, 274, 480 P.3d 502, *review denied*, 197 Wn.2d 1012, 487 P.3d 518 (2021). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Johnson*, 16 Wn. App. 2d at 275; CR 56(c). On cross motions for summary judgment, we view the evidence in the light most favorable to the non-moving party with respect to the particular claim. CR 56; *Anderson v. Akzo Nobel Coatings, Inc.*, 172 Wn.2d 593, 597, 260 P.3d 857 (2011).

We review issues of statutory interpretation de novo. *Fortgang v. Woodland Park Zoo*, 187 Wn.2d 509, 518, 387 P.3d 690 (2017). When interpreting a statute, our fundamental goal is to give effect to the legislature's intent. *Columbia Riverkeeper v. Port of Vancouver*, 188 Wn.2d 421, 435, 395 P.3d 1031 (2017). We determine legislative intent from the plain language and ordinary meaning of the statute. *Johnson*, 16 Wn. App. 2d at 285. Where a statute's language is

No. 54569-1-II

plain and unambiguous, our inquiry ends. *HomeStreet, Inc. v. Dep't of Revenue*, 166 Wn.2d 444, 451, 210 P.3d 297 (2009). "Where possible, we read statutes to 'achieve a harmonious total statutory scheme.'" *Johnson*, 16 Wn. App. 2d at 285 (quoting *Am. Legion Post No. 149 v. Dep't of Health*, 164 Wn.2d 570, 588, 192 P.3d 306 (2008)). We avoid interpretations that yield absurd results. *Protect Zangle Cove v. Dep't of Fish & Wildlife*, 17 Wn. App. 2d 856, 870, 488 P.3d 894, *review denied*, 198 Wn.2d 1029, 498 P.3d 964 (2021). Policy declarations in statutes serve as an important guide to us, but they have no operative force. *Puget Soundkeeper All. v. Dep't of Ecology*, 102 Wn. App. 783, 790, 9 P.3d 892 (2000).

B.  *Fish and Wildlife Code*

Chapter 77.04 RCW is Washington's Fish and Wildlife Code. RCW 77.04.010. RCW 77.04.013, expressing the legislature's findings and intent, provides, in pertinent part:

> It is also the intent of the legislature to provide to the commission the authority to review and approve department agreements, to review and approve the department's budget proposals, to adopt rules for the department, and to select commission staff and the director of the department.
>
> The legislature finds that all fish, shellfish, and wildlife species should be managed under a single comprehensive set of goals, policies, and objectives, and that the decision-making authority should rest with the fish and wildlife commission. *The commission acts in an open and deliberative process that encourages public involvement and increases public confidence in department decision making.*

(Emphasis added.)

The Fish and Wildlife Code also provides the Department's rulemaking authority.

> The commission shall adopt permanent rules and amendments to or repeals of existing rules by approval of a majority of the members by resolution, entered and recorded in the minutes of the commission: PROVIDED, That the commission may not adopt rules after July 23, 1995, that are based solely on a section of law stating a statute's intent or purpose, on the enabling provisions of the statute establishing

7

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54569-1-II

> the agency, or on any combination of such provisions, for statutory authority to adopt any rule. The commission shall adopt emergency rules by approval of a majority of the members. The commission, when adopting emergency rules under RCW 77.12.150, shall adopt rules in conformance with chapter 34.05 RCW. Judicial notice shall be taken of the rules filed and published as provided in RCW 34.05.380 and 34.05.210.

> A copy of an emergency rule, certified as a true copy by a member of the commission, the director, or by a person authorized in writing by the director to make the certification, is admissible in court as prima facie evidence of the adoption and validity of the rule.

RCW 77.04.090. "Rules of the commission shall be adopted by the commission or a designee in accordance with chapter 34.05 RCW." RCW 77.04.130(1).

C.      *Administrative Procedure Act*

The APA applies to state agencies. RCW 34.05.030(5). The Department is a state agency under RCW 34.05.010(2). Agencies excluded from the APA are listed in RCW 34.05.030; the Department is not listed. *See* RCW 34.05.030. Thus, the APA applies to the Department.

The APA provides the procedure for agency rulemaking, including prenotice inquiry (RCW 34.05.310), proposed rule contents and publication rules (RCW 34.05.320), the scope of agency rulemaking authority (RCW 34.05.322), public participation (RCW 34.05.325), emergency rulemaking (RCW 34.05.350), and—as highlighted in the Fish and Wildlife Code— publication of final rules with the office of the code reviser (RCW 34.05.380).

The APA does not mention, reference, or cite to the OPMA.

D.      *Open Public Meetings Act*

The OPMA, ch. 42.30 RCW, is our comprehensive transparency statute. *Columbia Riverkeeper*, 188 Wn.2d at 434. The act seeks "to ensure public bodies make decisions openly."

8

No. 54569-1-II

*Miller v. City of Tacoma*, 138 Wn.2d 318, 324, 979 P.2d 429 (1999). A public body includes "all public commissions, boards, councils, . . . and all other public agencies of this state and subdivisions thereof." RCW 42.30.010.

> No governing body of a public agency shall adopt any ordinance, resolution, rule, regulation, order, or directive, except in a meeting open to the public and then only at a meeting, the date of which is fixed by law or rule, or at a meeting of which notice has been given according to the provisions of this chapter. Any action taken at meetings failing to comply with the provisions of this subsection shall be null and void.

RCW 42.30.060(1).

"In order to ensure this oversight of government entities, the OPMA requires that '[a]ll meetings . . . be open and public.'"[3] *Columbia Riverkeeper*, 188 Wn.2d at 434 (quoting RCW 42.30.030). However, this general rule is subject to exceptions. RCW 42.30.140(3) provides, in pertinent part: "[T]his chapter shall not apply to: . . . Matters governed by chapter 34.05 RCW, the Administrative Procedure Act."

## II. CONFLICT BETWEEN OPMA AND APA

The appellants argue that the trial court erred when it granted the Department summary judgment under RCW 42.30.140(3). The appellants argue that the legislature did not intend for all APA rulemaking to be excepted from the OPMA. The Department argues that the OPMA, by its plain language, is not applicable to APA rulemaking. We agree with the Department.

---

[3] A "meeting" is defined as "meetings at which action is taken." RCW 42.30.020(4). An "action" is defined as "the transaction of the official business of a public agency by a governing body including but not limited to . . . deliberations, discussions, considerations, . . . and final actions." RCW 42.30.020(3).

No. 54569-1-II

A.    *Matters Governed by the APA*

The appellants first argue that the Department's rulemaking is not a "matter[] governed by . . . the [APA]." RCW 42.30.140(3). The appellants further argue that RCW 42.30.060 requires the Department to follow the OPMA when rulemaking. We disagree.

The language of RCW 42.30.140 is plain and unambiguous. "If any provision of this chapter conflicts with the provisions of any other statute, the provisions of this chapter shall control: PROVIDED, That this chapter shall not apply to: . . . (3) Matters governed by chapter 34.05 RCW, the Administrative Procedure Act."

In the first clause, "this chapter" refers to ch. 42.30 RCW, which is the entirety of the OPMA. The statute then states that "this chapter shall not apply to . . . [m]atters governed by . . . the [APA]." Agency rulemaking is a matter governed by the APA. In fact, an entire portion of the APA is dedicated to rulemaking. *See* RCW 34.05.310-.395. The APA's rulemaking statutes govern the entire process of rulemaking, from inception to publication, including prenotice requirements, public participation, and publishing a final rule. RCW 34.05.310, -.325, -.362. Accordingly, rulemaking is a "matter governed" by the APA.

The appellants argue that the words "matter" and "governed" are ambiguous and argue that we should turn to dictionary definitions and legislative history. Br. of Appellant West at 18, 19-22; Br. of Appellant Twin Harbors at 18-21. But this argument strains credulity. Because the language in 42.30.140(3) is plain and unambiguous, our inquiry ends. *HomeStreet, Inc.*, 166 Wn.2d at 451.

10

No. 54569-1-II

Next, the appellants cite *Hartman v. State Game Commission*, 85 Wn.2d 176, 180-81, 532 P.2d 614 (1975), to argue that our Supreme Court held that when a conflict arises between the OPMA and APA, the APA controls only when it contains more stringent notice requirements than the OPMA. But the appellants misread *Hartman*.

*Hartman* construes prior versions of both the APA and the OPMA. At the time *Hartman* was decided, the original version of the OPMA read: "If any provision of this chapter conflicts with the provisions of any other statute, the provisions of this chapter shall control: PROVIDED, That this chapter shall not apply to: . . . Matters governed by Title 34 RCW, the administrative procedure act, except as expressly provided in RCW 34.04.025." Former RCW 42.30.140(3) (1974). The APA, then codified as ch. 34.04 RCW, referenced the OPMA, stating in RCW 34.04.025 that agencies were to give public notice prior to rule adoption "as provided in [the OPMA]." Former RCW 34.04.025 (1974). Thus, the APA and the OPMA explicitly cross-referenced each other.

In *Hartman*, a group of fishermen challenged a Game Commission fisheries regulation, and the court struck the regulation down because the agency did not follow the notice requirements *in the APA*. 85 Wn.2d at 177, 180. Because former RCW 34.04.025 mandated rulemaking notice requirements comply with the OPMA, ch. 42.30 RCW, the Commission argued that it had complied with the notice requirements of the OPMA. *Hartman*, 85 Wn.2d at 179-80. The court disagreed and held that the notice the Commission gave was insufficient under the APA. *Hartman*, 85 Wn.2d at 180 (citing former RCW 34.04.025). The court explained that "the legislature did not intend that the notice provisions of [the OPMA] should override the more detailed notice requirements of" the APA. *Hartman*, 85 Wn.2d at 180-81.

11

No. 54569-1-II

The *Hartman* court had to reconcile the two statutes to determine which contained more stringent language only because the statutes cross-referenced each other. At the time *Hartman* was written, the controlling language at issue here did not exist. The APA has since been amended and no longer references the OPMA. And the legislature has clarified RCW 42.30.140(3) such that it no longer cites a specific section of the APA as an exception to the rule that the OPMA does not apply to matters governed by the APA. Accordingly, the appellants' reliance on *Hartman* is misplaced.[4]

The appellants then argue that RCW 42.30.060 requires the Department to follow the OPMA when rulemaking. We disagree.

RCW 42.30.060(1) provides for open public meetings when a public agency adopts a rule or regulation:

> No governing body of a public agency shall adopt any ordinance, resolution, rule, regulation, order, or directive, except in a meeting open to the public and then only at a meeting, the date of which is fixed by law or rule, or at a meeting of which

---

[4] At oral argument, the appellants cited *Johnson v. Conservation Commission*, 16 Wn. App. 2d 265, to argue that the APA and OPMA apply concurrently and that we must harmonize the statutes to eliminate conflict between them. Wash. Court of Appeals oral argument, *Twin Harbors Fish & Wildlife Advocacy v. Dep't of Fish & Wildlife*, No. 54569-1-II (Feb. 3, 2022), at 2 min. 8 sec. – 4 min. 15 sec., 12 min. – 12 min. 15 sec., *audio recording by* TVW, Washington State's Public Affairs Network, https://tvw.org/video/division-2-court-of-appeals-2022021004/?eventID=2022021004. But in *Johnson* we held that there is no conflict between the OPMA and the APA because of the express language of the RCW 42.30.140(3):

> Indeed, the legislature recognized this when drafting the OPMA, and mandated that if any provision of the OPMA conflicts with the provisions of any other statute, the OPMA controls, unless the matter is governed by the APA. RCW 42.30.140(3). Therefore, reading the OPMA and APA harmoniously, there is no conflict between the statutes and the APA must be applied.

*Johnson*, 16 Wn. App. 2d at 291.

No. 54569-1-II

> notice has been given according to the provisions of this chapter. Any action taken at meetings failing to comply with the provisions of this subsection shall be null and void.

The appellants argue that this section of the OPMA applies to agency rulemaking. But they ignore the language that forbids us from applying any section of the OPMA to matters governed by the APA. Moreover, RCW 42.30.060 and APA rulemaking requirements are easily reconciled: Because APA rulemaking applies only to state agencies and not local governments, and the OPMA applies to both state and local agencies, the APA rulemaking requirements are not in conflict with the requirements of RCW 42.30.060. RCW 42.30.060 continues to apply to public agencies that adopt rules or regulations and are not governed by the APA. *See Plumbers and Steamfitters Union Local 598 v. Wash. Pub. Power Supply Sys.*, 44 Wn. App. 906, 910-11, 724 P.2d 1030 (1986) (explaining the APA does not apply to local government); RCW 34.05.030 (listing agencies not governed by the APA).

Deriving intent from the plain language of RCW 42.30.140(3), we hold that the OPMA exemption does not allow only the portions of the APA more stringent than the OPMA to apply, but instead we hold that the OPMA does not apply when an agency undertakes APA rulemaking.

B.      *Fish and Wildlife Code's "Open and Deliberative Process"*

West argues that the trial court erred in granting the Department summary judgment because provisions of the Fish and Wildlife Code control, and not the exception to the OPMA. We disagree.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 54569-1-II

As stated above, RCW 77.04.013, the policy declaration, provides in pertinent part:

It is also the intent of the legislature to provide to the commission the authority to review and approve department agreements, to review and approve the department's budget proposals, to adopt rules for the department, and to select commission staff and the director of the department.

. . . The commission acts in an open and deliberative process that encourages public involvement and increases public confidence in department decision making.

West argues that the language expressing the legislature's intent that the commission act in an "open and deliberative process" evinces that the legislature intended the OPMA to control the commission when it "adopt[s] rules for the department." Br. of Appellant West at 23, 25. But a plain language reading of the statute does not support West's interpretation. The statute does not mention the OPMA, and the APA also could satisfy the concern for an open process. Moreover, RCW 77.04.013 is a policy declaration and has no operative force. *Puget Soundkeeper All.*, 102 Wn. App. at 790.

Likewise, West argues that RCW 77.04.090 applies, and not the exception to the OPMA mandating APA control. We disagree.

RCW 77.04.090 provides, in pertinent part:

The commission shall adopt permanent rules and amendments to or repeals of existing rules by approval of a majority of the members by resolution, entered and recorded in the minutes of the commission: . . . The commission, when adopting emergency rules under RCW 77.12.150, shall adopt rules in conformance with chapter 34.05 RCW. Judicial notice shall be taken of the rules filed and published as provided in RCW 34.05.380 and 34.05.210.

West argues that the language requiring the commission "adopt permanent rules . . . entered and recorded in the minutes of the commission," when read with the statement of legislative intent from RCW 77.04.013, shows the legislature intended the OPMA to control

14

No. 54569-1-II

because the language favors open meetings and public disclosure. Br. of Appellant West at 24-27. But West ignores the language in the final two sentences of the statute that explicitly mandate the Department to conduct its emergency rulemaking under the APA, ch. 34.05 RCW. And the statute does not mention the OPMA. Moreover, the Fish and Wildlife Code also plainly states, "Rules of the commission shall be adopted by the commission or a designee in accordance with [the APA]." RCW 77.04.130(1).

West misreads the plain language of the statute, which unambiguously shows that the legislature intended the Department to conduct rulemaking under the APA. Accordingly, we hold that a plain reading of RCW 77.04.090 and RCW 77.04.130 shows that the APA, and not the OPMA, controls Department rulemaking.

### ATTORNEY FEES

Twin Harbors argues that we should award it attorney fees under RCW 42.30.120. We disagree.

RCW 42.30.120(4) provides, in pertinent part: "Any person who prevails against a public agency in any action in the courts for a violation of this chapter shall be awarded all costs, including reasonable attorneys' fees, incurred in connection with such legal action." But this statute does not apply for two reasons. First, this section is from the OPMA, which, as explained above, does not apply here. Second, Twin Harbors does not prevail in showing the Department violated the OPMA. Accordingly, we do not award Twin Harbors costs.

15

No. 54569-1-II

CONCLUSION

We hold that rulemaking under the APA is exempt from the requirements of the OPMA under the plain language of RCW 42.30.140(3). Likewise, we hold that RCW 77.04.090 and 77.04.130(1) mandate that the Department conduct rulemaking under the APA, and that the plain language of the Fish and Wildlife Code does not require Department APA rulemaking procedures to comply with the OPMA. Thus, we affirm the trial court's order granting the Department's motion for summary judgment and denying the appellants' motion for summary judgment.

_____
Worswick, J.

We concur:

_____
Maxa, J.

_____
Lee, C.J.